## William E. Warner, Adm'r, &c., v. Samuel Whittaker and Others.

To constitute a *bona fide* purchaser, there must be want of notice both at the time of the purchase and at the payment of the purchase money.

Where land was purchased upon which was an unrecorded mortgage, of which the purchaser had no notice, but of which he was notified before a mortgage given by him for purchase money was paid; — *Held*, That any payment made by him on his mortgage after such notice, was made in his own wrong, and he was not protected, as to such payment, against the unrecorded mortgage.

The assignee of a chose in action takes it subject to all equities existing between the debtor and creditor. It is not necessary that the equities should have existed at the inception of the debt or contract—it is sufficient that they exist prior

to the assignment, as the assignee has it in his power to protect himself against them, by inquiry of the debtor, before the assignment.

Facts shown by the evidence, but not put in issue by the pleadings, can not be regarded at the hearing.

One of several defendants appealing from a decree in chancery, can not ask a reversal of the decree for error in a part of it in no way affecting the rights of the appellant.*

*Heard November 17th and 18th.   Decided December 9th.*

Appeal by defendants Lucas Vogel and Merrill H. Shaw from the Wayne Circuit in Chancery, where decree of foreclosure and sale was made as prayed in the bill.

The case is sufficiently stated in the opinion.

*C. O'Flynn,* for complainant.

*Howard, Bishop & Holbrook,* for defendants.

MANNING J.:

The view we have taken of this case renders it unnecessary, in deciding it, to go fully into the pleadings and proofs, which are more voluminous than satisfactory, and throw little light on several questions discussed on the argument, but which it is not necessary for us to investigate in disposing of the case.

The bill, which is to foreclose a mortgage, is filed by Warner as administrator on the estate of Sarah Whittaker deceased, who, in her lifetime, and on or about the 3d of May, 1849, sold the mortgaged premises to her son Samuel Whittaker, and received from him the mortgage in question for a part of the purchase money.  The mortgage was never recorded, and the bill alleges it is lost or destroyed.  The sale to Whittaker, the giving of the mortgage, and the loss or destruction of it, are fully proved.  The answer of Whittaker, if it is to be credited, shows he destroyed the mortgage under the pretext his mother had not complied with certain conditions of the sale of the premises to him, and that she had, for that reason, surrendered it to him, and

*See *Martin v. McReynolds, ante p.* 70.

authorized its destruction. It is sufficient to say he has produced no evidence to sustain this part of his answer.

On the 10th of March, 1850, Whittaker sold the premises to Vogel for $800, and took from him a bond for $550 of the purchase money, payable $100 on the 1st of December, 1851, $200 on the 1st of May, 1852, and $250 on the 1st of October, 1852, with interest. In August, 1852, complainant informed Vogel, by a written notice served on him, of the mortgage given by Whittaker to his mother when he purchased, and of its non - payment, and that Vogel must not make any further payment on his bond and mortgage to Whittaker. There was then due and to become due on the bond and mortgage about $530. On this state of facts, Vogel claims to be a bona fide purchaser without notice; and there is no evidence he had notice of the Whittaker mortgage when he purchased. To constitute a bona fide purchaser there must be want of notice, both at the making of the purchase, and the payment of the purchase money. It is not sufficient Vogel had no notice when he purchased. Notice was given him before he had paid over all the purchase money. So far as he had paid, he was a bona fide purchaser, and to be protected as such; but not as to the $530 still in his hands, unless the person to whom it then belonged was not affected by complainant's equity.— *Thomas v. Graham, Walk. Ch.* 117, *and cases there cited.*

Vogel states he paid $260 on the bond and mortgage, between the notice to him and the filing of the bill. If so, he paid it in his own wrong, as he might have protected himself against such payment by a bill of interpleader.

On the 7th of September, 1852, subsequent to the notice to Vogel, Whittaker assigned the bond and mortgage to Shaw, who, on the 30th of October, 1852, assigned them to Richmond, to indemnify him as surety for Shaw, and Shaw having subsequently paid the debt for which Richmond was surety, the latter re - assigned them to Shaw. The bona fides of the assignment from Whittaker to Shaw

WARNER v. WHITTAKER.

is involved in so much obscurity by their own statements in their several answers under oath, and the testimony of witnesses examined by them to sustain the assignment, that we should hesitate long before pronouncing it free from the taint of fraud, if it was necessary to pass upon that question in deciding the case; which it is not.

No rule is better settled than that the assignee of a chose in action takes it subject to all equities existing between the debtor and creditor. It is not necessary that the equities should exist at the inception of the debt or contract. It is sufficient they exist prior to the assignment; for the reason of the rule is as applicable to one case as to the other; which is, that the assignee has it in his power to protect himself against them by inquiry of the debtor before the assignment. Chancellor Kent, in *Murray v. Sylburn*, 2 *Johns. Ch.* 441, says: "The assignee can always go to the debtor and ascertain what claims he may have against the bond, or other chose in action, which he is about purchasing from the obligee."

There is some evidence in the case going to prove notes were given by Whittaker with the mortgage, and that they, or some of them, are in possession of some one or more of the heirs; and a reversal of the decree is asked on that account. We do not think it sufficient cause for disturbing the decree, for the following reasons:

No mention is made of them in the pleadings, and consequently they are not put in issue by them.

Whittaker, the only person who can be called on to pay the notes if they, in fact, are in existence, and do not belong to the estate of Mrs. Whittaker, has not appealed; and neither Vogel nor Shaw, the appellants, can be harmed by them. As appellants, they have no right to ask a reversal of the decree for error in a part of it that in no way affects their rights.

The decree below must be affirmed, with costs.

The other Justices concurred.