## PORTER AND ALLEN v. LISCOM.

An assignee of a judgment, although a purchaser for a valuable consideration and without notice, takes subject to a right of set-off against the judgment existing at the time of the assignment.

Where in the same action two judgments were entered, one for the plaintiff for a certain sum and one for the defendant for a less sum: *held*, that defendant had a right to set off his judgment *pro tanto* against that of the plaintiff, and that this right could not be defeated by any assignment by plaintiff of his judgment before application for the set-off.

Where a judgment, against which a right to set off another judgment rendered in the same action exists, is assigned, the assignee may be brought into the Court upon a proceeding by petition and motion, and will be bound by an order made therein directing a set-off.

A judgment in favor of a defendant for costs based upon a finding of one of several issues in his favor by the jury, even if erroneous, is not void. While unreversed it is to be treated, for the purpose of set-off, as a valid judgment.

APPEAL from the County Court of Humboldt County.

The complaint in the case of *Allen* v. *Liscom*, which was tried anew in the County Court on appeal from a Justice's Court, contained two counts, one on a promissory note for one hundred dollars and another upon an account for services rendered for eighty dollars. The jury found the following verdict: " We, the jury, find for the plaintiff one hundred (100) dollars on note, and find verdict for defendant on verbal contract." On the sixteenth day of April, 1861, judgment was entered on this verdict in favor of plaintiff for two hundred and forty-one dollars and fifty-three cents, the amount of the note, interest, and costs; and also that defendant recover of plaintiff two hundred and eight dollars and two cents, " defendant's costs incurred in sustaining action on verbal contract." The subsequent proceedings are sufficiently stated in the opinion of the Court.

*S. M. Buck,* for Appellant.

I.    The proceeding to obtain the set-off is an action, and could only be commenced by filing a complaint and issuing a summons thereon. (Prac. Act, Sec. 22.) The fact that Porter appeared and moved to dismiss was no waiver of his right, to wit: to be brought into Court in the usual and legal manner. (*Deidesheimer* v. *Brown,* 8 Cal. 339.)

II.    The County Court has no jurisdiction of the subject of the action, to wit: to set off a judgment for two hundred and eight dollars and two cents against a judgment for two hundred and forty-one dollars and fifty-three cents. The amount in dispute exceeds two hundred dollars. The Constitution provides that " the District Court shall have original jurisdiction in all cases of law or equity where the amount in dispute exceeds two hundred dollars." (Art. 6, Sec. 6; 5 Cal. 231, 279; 9 Id. 145.)

III.    " The facts set forth in the petition are not sufficient to entitle respondent to the relief prayed for. It appears from the face thereof that the judgment sought to be set off is wholly void."

The County Court in the action of *Allen* v. *Liscom*, tried therein on appeal from a Justice's Court, in entering a judgment for the successful party for the amount of his verdict and costs, acted by authority and in accordance with law, and the judgment so entered is valid, and the plaintiff in said action or his assignee has a right to enforce the same. (Practice Act, Sec. 631.) But when the County Court of its own motion entered up a judgment in said action for defendant, the losing party, for two hundred and eight dollars and two cents, it acted without authority of law, and therefore such action is wholly void. The Court based its action entirely upon the verdict of the jury. This Court has decided that a jury has nothing to do with the costs. (6 Cal. 286.)

*Van Dyke*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

On the sixteenth day of April, 1861, the County Court of Humboldt County, in a case then pending before it, wherein Allen was plaintiff and Liscom was defendant, rendered a judgment in favor of the plaintiff against the defendant for principal and costs, amounting in all to two hundred and forty-one dollars and fifty-three cents, and in favor of the defendant against the plaintiff for a certain portion of his costs, amounting to two hundred and eight dollars and two cents. On the twenty-fourth day of December, 1861, Allen assigned to one Smiley, " for thirty dollars or thereabouts, a judgment from twenty-five to five hundred dollars (or perhaps upwards of the latter sum) against Charles Liscom in my favor, rendered in the year 1861 previous to May, by the County Court," and on the twenty-fourth day of February, 1862, Smiley executed an assignment upon the same paper of " the above judgment " for thirty-two dollars to Robert Porter. On the fifth day of September, 1862, the defendant, Liscom, filed a petition in said Court setting forth the above facts, and praying that the judgment in his favor be set off and applied as a credit or payment of the amount thereof upon the judgment in favor of the plaintiff, and that upon the payment by him of the balance, which he offered to do, the judgment against

Porter and Allen *v.* Liscom.

him might be satisfied. Upon the filing of this petition the County Judge ordered that Allen and Porter be notified to appear and show cause why the set-off should not be made. Porter and Allen appeared to the petition, and after a hearing of the matter the Court ordered the set-off to be made, and as the balance due on the judgment in favor of Allen had been paid into Court, ordered a satisfaction of the judgment to be entered, from which order Porter and Allen appeal to this Court.

The power of a Court to set off one judgment against another upon motion is well established, and this power depends mainly upon the general jurisdiction of the Court over its suitors and process. (Barbour on Set-Off, 32.) And a purchaser and assignee of a judgment, even for a valuable consideration and without notice, takes subject to a right of set-off existing at the time of the assignment, for an assignee takes subject to all equitable as well as legal defenses which can be urged against the assignor. (*Graves* v. *Woodbury*, 4 Hill, 559; *Cooper* v. *Bigelow*, 1 Cow. 206.) And the fifth section of the Practice Act recognizes the same principle. Even if the paper executed by Allen can be considered as an assignment of this judgment, the assignees took with full notice of the right of set-off in Liscom, for the judgment of the latter was rendered in the same action, and formed part of the same entry with that assigned. The proceeding in this case is a motion founded upon a petition, and not an independent action. The action of the Court in rendering the judgment in favor of Liscom for costs is founded upon the verdict of the jury, which found one of the issues in his favor. The judgment, therefore, is not void. If the County Court erred in rendering this judgment, the remedy to correct the error was by appeal, but it forms no valid objection to it on this motion to set off the judgment.

The order allowing the set-off is affirmed.