ATKINSON *v.* ATKINSON et al.

PLEADING — *when it should be under oath.* Where, to an action on a promissory note, the defendant pleaded the statute of limitations, and the plaintiff replied a new promise in writing within six years, the action was upon the new promise.

And the rejoinder to the replication having been put in without oath, proof of the defendant's signature to the new promise was not required.

BILL OF EXCEPTIONS — *when necessary.* Where a cause is tried to the court without a jury, and no exception is taken to the judgment of the court, the question of damages is not open to review in this court.

*Error to District Court, Arapahoe County.*

DEFENDANTS in error in the court below declared upon a promissory note, dated August 18, 1860, payable two months after date, for the sum of $1,000, which they alleged was made by plaintiff in error and others, by the name and style of Atkinson, Madden & Co. Of the defendants, plaintiff in error only was served, and he pleaded non-assumpsit, and that the action did not accrue within six years. To the second plea the plaintiff replied that within six years, to wit: on the 1st of June, 1866, the defendant made his certain indorsement in writing upon the back of the said promissory note, and which said indorsement he, the said John Atkinson, then and there duly signed, which said indorsement bore date, etc., in and by which indorsement he, the said John Atkinson, acknowledged the payment by him to the said plaintiffs of the sum of $72 in part payment of the said sum of money in the said promissory note mentioned, etc. Upon this replication, issue was joined and the cause was tried to the court without a jury.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Messrs. FRANCE & ROGERS, for defendants in error.

HALLETT, C. J. The action was upon a promissory note to which plaintiff in error pleaded *actio non accrevit infra sex annos*, and defendants in error replied a new promise in writing, and thereupon issue of fact was joined.

A demurrer to the replication would have presented the question whether the action was rightly brought on the note, but by rejoining to the replication plaintiff in error passed that question by and it cannot be considered. Upon the pleadings the action stands upon the new promise in the same way as if that had been declared on with the note as an inducement. *Little* v. *Blunt,* 9 Pick. 488. And if the action was upon the new promise by the 14th section of our

Practice Act (Rev. Stat. 506), plaintiff in error was required to put in his rejoinder under oath if he desired to call for proof of the indorsement.   If defendants in error had declared upon the new promise, the case would have been precisely within the statute, and it cannot be different where an issue is made, as to the fact at a subsequent stage in pleading.   We see no error in receiving the note with the indorsement thereon, and as to the amount of the judgment, plaintiff in error is not in a position to complain.

The cause was tried by the court without a jury, and we have often held that in such case error cannot be assigned upon the judgment when no exception was taken at the time the judgment was rendered.   *Phelps* v. *Spruance*, 1 Col. 414.   To the ruling of the court in admitting the note to be read in evidence, plaintiff in error duly excepted, but he made no objection to the judgment.

The judgment of the district court is affirmed, with costs.

*Affirmed.*