SAMUEL LEVY and RACHEL, his Wife *vs.* GEORGE
P. STEINBACH.

*Injunction to restrain Execution upon a Judgment—Insolvency—
Set-off—Assignee—An Attorney has no Lien for his fee upon
a Judgment recovered for his Client—Payment of money into
Court—Equity Practice.*

L. the creditor in a judgment assigned the same to his wife who issued execu-
tion thereon. The judgment debtor filed a bill for an injunction to restrain
the execution on the ground that he had a claim against L. which he was
entitled to set-off against the judgment, and alleging that he "is informed
and verily believes that the said L. is hopelessly insolvent and was so at the
time of said judgment." The injunction issued as prayed. On a motion
to dissolve the injunction affidavits were filed by the complainant, stating
that L. was indebted to the affiants respectively, that he had been indebted
for a long time, that their efforts to make their money had been unavail-
ing, that he had no assets whatever, that they had been informed that
others of his creditors had made fruitless efforts to collect their debts from
him, and that he was hopelessly insolvent; and they stated that he was
insolvent, not from information derived from others, but from their own
knowledge. HELD:

1st. That whether the above allegation in the bill was an allegation of insol-
vency sufficient to warrant the Court in issuing an injunction in the first
instance or not, it was certainly sufficient, when supplemented by the proof
before the Court at the hearing of the motion to dissolve, to warrant the
Court in continuing it until final hearing.

2nd. That said affidavits furnished sufficient proof of the insolvency of L. at
the time of the rendition of the judgment, as well as at the time of the
assignment, which was made on the day the judgment was rendered.

3rd. That L. being insolvent, the complainant had an undoubted right to go
into Equity and have his claim set-off against so much of the judgment
against him as would be equal to his rightful claim against L.

Levy and Wife *vs.* Steinbach.

4th. That the assignee of L. stood in no better condition than he stood, and was subject to the same equitable rights which existed against him, whether she was an assignee for a valuable consideration without notice of the appellee's claim, or otherwise.

5th. That the attorneys of L. could not effectually assert a lien upon the judgment for services rendered in obtaining it.

The amount of the set-off claimed by the complainant being less than the amount of the judgment, and he having paid into court what he claimed to be the difference, it was HELD:

That if the amount paid into Court was the correct balance, allowing interest on the judgment as well as interest on the account in bar, (if the latter be entitled to interest,) the injunction should be continued, and if not so paid in the injunction should be modified so as to permit the said balance to be collected by the execution.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

The cause was submitted to BRENT, GRASON, MILLER and ALVEY, J.

*George E. Nelson* and *Winfield J. Taylor*, for the appellants.

The charge of insolvency in the bill is not sufficiently stated. Allegations "that complainant is *informed and believes*" that material facts exist, are not sufficient. *McDowell vs. Graham,* 3 *Dana,* 73; *Jones vs. Cowles,* 26 *Alab.,* 612.

Insolvency must have existed at the date of the assignment, or the assignment will be good—no equities existing to cling to it. *Dilly vs. Barnard,* 8 *G. & J.,* 170; *Lingan vs. Henderson,* 1 *Bl.,* 236; *Barbour on Set-off,* 34, 191.

The affidavits of insolvency are not sufficient, they only show insolvency at their date,—any existence of it before,

is not proven with legal force sufficient to overcome the appellants' sworn answer. The appellants thought it only necessary to file two counter affidavits in addition to their answer, to which the attention of this Court is directed. See 1 *Md. Dig.*, p. 405, sec. 2; 2 *Md. Dig.*, p. 240, s. 50; *Washington Un. vs. Green*, 1 *Md. Ch. Dec.*, 97. Also cases in 3 *Md. Dig.*, p. 174, secs. 78, 80; *Hoffman vs. Living-stone*, 1 *Johns. C. R.*, 211; *Gibson vs. Tilton*, 1 *Bl.*, 355.

A party who seeks equity must do equity, (*Randall vs. Swann*, 10 *G. & J.*, 316,) and a complainant in equity must in his bill, aver that he has done or offered to do, or is ready and willing to do all that on his part is necessary to entitle him to the relief he seeks, or show adequate reason why he should be excused. *Oliver vs. Palmer*, 11 *G. & J.*, 426; *Craig & Angle vs. Ankeney*, 4 *Gill*, 225.

So that, whenever an injunction is granted to restrain a judgment at law, on the ground that the defendant at law is entitled to a credit for a sum which is less than the whole amount of the judgment, *it ought to be with a proviso, that the plaintiff at law may proceed by execution to collect the undisputed balance of the judgment.* *Hodges vs. The Planters Bank*, 7 *G. & J.*, 306; *Gott vs. Carr*, 6 *G. & J.*, 309; 3 *Md. Dig.*, p. 171, sec. 45, case cited.

*John W. Simpson*, for the appellee.

The insolvency of the respondent, Samuel Levy, at the time of the entry of the judgment to the use of the wife, was ground for the jurisdiction of the Chancery Court to interfere, and grant the relief prayed by the complainant, viz: an allowance of the set-off claimed by him. *Waterman on Set-off*, 442, &c.; *Green vs. Campbell*, 2 *Jones, Eq.*, 446; *Walton vs. Bonham*, 24 *Ala.*, 513; *Wray vs. Furniss*, 27 *Ala.*, 471; 3 *Leading Cases in Eq.*, 185, &c.

The assignment from Samuel Levy to his wife, directly, of the judgment, was invalid, being in prejudice of the rights of his subsisting creditors. *Code Pub. Gen. Laws*,

*Art.* 45, *sec.* 1, *&c.; Green vs. Early, et al.,* 39 *Md.,* 229, &c.

The assignee of a judgment takes the same, subject to all the equities attending the same, and particularly the equity of set-off, as claimed by the complainant. *Porter vs. Liscomb,* 22 *Cal.,* 430 ; *Hobbs vs. Duff,* 23 *Cal.,* 596 ; *Graves vs. Woodbury,* 4 *Hill,* 559 ; *Blakesley vs. Johnson,* 13 *Wis.,* 534 ; *Scott vs. Harkins,* 32 *Geo.,* 306 ; *McJilton vs. Love,* 13 *Ills.,* 495 ; *Jordan vs. Black,* 2 *Mur. Eq.,* (*N. C.,*) 32 ; *Robeson vs. Roberts,* 20 *Ind.,* 161 ; *Rawson vs. McJunkins,* 27 *Geo.,* 434.

GRASON, J., delivered the opinion of the Court.

It appears from the record in this case that, on the 14th day of November, 1874, the appellant, Samuel Levy, recovered a judgment for one hundred dollars and costs against the appellee in the Court of Common Pleas of Baltimore City, and that the judgment was the same day assigned to Rachel Levy, the other appellant, and that on the 28th day of the same month a *fieri facias* was issued on the judgment, returnable to the January term, 1875. On the third day of December, 1874, the appellee filed his bill in the Circuit Court of Baltimore City stating the above judgment and execution, and alleging, among other things, that before and at the time of the rendition of said judgment, the appellant, Samuel Levy, was indebted to the appellee in the sum of eighty-two dollars and sixty-six cents for goods furnished him by the appellee, and that the assignment of the judgment by the appellant Samuel Levy to his wife, was made without consideration and in fraud of the appellee's rights, and to prevent him from filing his said claim against said Samuel, and having it set-off thereto. The bill also alleges that he was informed and believed that, at the time of the rendition of said judgment as well as at the time of filing the bill, the said Samuel was hopelessly insolvent. The bill further charges that certain of

the appellee's personal property had been seized under the *fieri facias* and was about to be sold by the sheriff, and prayed that an injunction might be granted to enjoin the sale, and that the appellee's claim against said Samuel might be set-off, as far as may be, against the aforesaid judgment. The injunction issued as prayed, and on the seventh day of January, 1875, the appellants filed their answer, with a motion to dissolve the injunction. It is unnecessary to notice the answer further than to say that it fully admitted the indebtedness of said Samuel to the appellee as stated in the bill of complaint, and denied that the assignment was made in fraud of the creditors of said Samuel, but that it was made in consideration of a debt due to his wife, and subject to a lien of fifty dollars due his counsel for services in securing the judgment. Under an order of the Circuit Court proof was taken, which fully establishes the insolvency of said Samuel. On the 27th January, 1875, the Circuit Court passed an order overruling the motion to dissolve the injunction and continuing the same until final hearing. From this order the present appeal was taken, and the only question legitimately before us is, whether there was error in overruling the motion to dissolve, and continuing the injunction until the final hearing?

The order of the Circuit Court is alleged to be erroneous, not because the appellee had no right to the equitable set-off, nor that Rachel Levy did not take the assignment of the judgment subject thereto, but principally on the ground of alleged defects in the bill and in the proof of Samuel Levy's insolvency. We have before stated that the proof clearly shows that Samuel Levy was insolvent at the time of the rendition of the judgment against the appellee, and as late as the 19th of January, 1875, at which time the affidavits were filed, and without stopping to inquire whether an allegation in the bill that the complainant "is informed and verily believes that said Levy is hopelessly

insolvent and was so at the time of said judgment," was an allegation of insolvency sufficient to warrant the Court in issuing the injunction in the first instance, it was certainly sufficient when supplemented by the proof before the Court at the hearing of the motion to dissolve, to warrant the Court in continuing it until final hearing. The affidavits state that Samuel Levy was indebted to the affiants respectively, that he had been indebted for a long time, that their efforts to make their money had been unavailing; that he had no assets whatever, that they had been informed that others of his creditors had made fruitless efforts to collect their debts from him, and that he was hopelessly insolvent, and they state that he was insolvent, not from information derived from others, but from their own knowledge. This we think is sufficient proof of his insolvency at the time of the rendition of the judgment as well as at the time of the assignment, which was made on the very day the judgment was rendered. Samuel Levy being insolvent, the appellee had an undoubted right to go into equity, and have his claim set-off against so much of the judgment against him as would be equal to his rightful claim against Samuel Levy. *Lindsay & others vs. Jackson & McJimpsey*, 2 *Paige*, 582; *Marshall, et al. vs. Cooper, ante page* 46, and the cases there cited. Levy's assignee stands in no better condition than he stood, and is subject to the same equitable rights which existed against him, whether she be assignee for a valuable consideration, without notice of the appellee's claim, or otherwise. *Marshall vs. Cooper,* before referred to, settles this point, as well as that the attorneys of Levy cannot effectually assert a lien upon the judgment for services rendered in obtaining it.

But, as the debt due the appellee is less than the amount of the judgment, it was contended that the injunction ought not to have restrained the appellants from proceeding by execution to collect the undisputed balance due them.

Levy and Wife *vs.* Steinbach.

This principle is perfectly correct and it was so held by this Court in the case of *Deakins vs. Hollis,* 7 *G. & J.*, 311. But in this case it was asserted by the appellants' counsel and not denied, that a statement was filed in the Court below by the appellee showing the balance due on the judgment, after allowing the set-off, to be twelve dollars and eighty cents, which sum the appellee paid into Court for the appellants. If this sum was the true balance due, there was no error in continuing the injunction; but upon an examination of the account, which is in the record, we find that no interest was allowed on the judgment, which by its terms bore interest from the 14th November, 1874, and none upon the account; and it does not appear whether the account properly bore interest. If the correct balance, allowing interest on the judgment, as well as interest on the account, if the latter be entitled to interest, be paid into Court to be paid to the appellants the injunction should be continued, and if not so paid in, the injunction should be so modified as to permit the appellants to collect said balance by their execution.

The order of the Court below will therefore be affirmed, and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

<div style="text-align: right">

*Order affirmed, and*
*cause remanded.*