[S. F. No. 3363.    Department Two.—June 21, 1905.]

## J F. COONAN, Plaintiff, v. J. LOEWENTHAL, Defendant and Respondent. MARY COONAN, Assignee of J. F. Coonan, Appellant.

JUDGMENTS—EQUITABLE SET-OFF—REMEDY BY MOTION—JURISDICTION.— The superior court has general jurisdiction over its judgments and suitors to entertain a motion to set off one judgment rendered therein against another *pro tanto* between the same parties, even though the right of set-off may be an equitable one against an insolvent debtor.

ID.—ASSIGNMENT OF JUDGMENT—ASSIGNEE NOT PROTECTED—CONSIDERATION—NOTICE—CONFLICTING EVIDENCE—APPEAL.—Where the plaintiff, while insolvent, assigned the judgment in his favor to his wife for indebtedness long before outlawed, and the evidence was conflicting as to whether she took with notice of the defendant's equitable right of set-off, the order offsetting the judgments will not be disturbed upon appeal by the assignee.

ID.—EQUITABLE SET-OFF BY SURETY—MORTGAGES AS INDEMNITY—DEFICIENCY JUDGMENT AGAINST INSOLVENT — ASSIGNMENT OF PRIOR JUDGMENT.—A surety upon notes of an insolvent debtor, from whom he had received notes secured by mortgages as indemnity, and who, while the original notes were past due, when a judgment was rendered against him in favor of the insolvent, which was assigned on the same day to his wife, did, on the following day, pay the original notes, and then foreclosed the mortgages, has an equitable right to set off *pro tanto* a deficiency judgment rendered against the insolvent against the prior judgment in the insolvent's favor and against his assignee, who took with notice of his equitable right, though such equitable right accrued after the assignment, but fully existed at the time of the set-off, upon a liability existing at the time of the assignment.

APPEAL from an order of the Superior Court of Humboldt County setting off judgments *pro tanto*. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. H. G. Weaver, and Henry L. Ford, for Appellant.

J. W. Turner, for Respondent.

LORIGAN, J.—This is an appeal taken by Mary Coonan from an order setting off certain judgments against each other *pro tanto.*

The validity of the order is presented under this state of facts: On May 31, 1896, plaintiff, J. F. Coonan, brought an action against Loewenthal to recover something over seven thousand dollars, alleged to be due plaintiff from defendant for professional services rendered by plaintiff as attorney at law, and on August 27, 1897, plaintiff obtained a judgment for five thousand dollars and costs. This judgment plaintiff, on the same day of its entry, assigned to his wife, the appellant Mary Coonan, the defendant having actual notice of the assignment to her at the time it was made. At the date of such assignment plaintiff · Coonan was insolvent, and at the time of the making of the order herein appealed from still remained so.

The defendant appealed from the judgment of August 27, 1897, and on July 18, 1900, it was affirmed by this court. So much as to the judgment recovered by plaintiff against defendant.

Now, as to the judgment recovered by defendant against plaintiff. It appears that between September 1, 1892, and March 11, 1895, Loewenthal became surety for J. F. Coonan upon several promissory notes, payable within one year after date, the proceeds of which were received by Coonan for his individual use and benefit, and to secure Loewenthal against loss by reason of his said suretyship, and to insure further indorsements, said Coonan executed and delivered to him four mortgages, ranging in date from March 8, 1890, to May 10, 1894, which were duly recorded.

On August 28, 1897, the day following the judgment rendered against him in favor of Coonan,—the said notes being due and said Coonan having failed to pay any of them, after demand made on him, and being insolvent,—said Loewenthal paid and took up all said several notes, and brought an action against Coonan to foreclose the several mortgages given as

security to protect him against loss from these payments.  A decree of foreclosure and sale in said action was duly entered on January 20, 1899, for $8,772.65 in favor of Loewenthal, and the mortgaged property having been sold under an order of sale, a deficiency judgment in his favor was docketed against said J. F. Coonan on June 26, 1899, for the sum of $6,599.20.   An appeal was taken from the decree of foreclosure and the judgment modified and affirmed by this court February 20, 1902.

Previous thereto, and on August 21, 1900, Loewenthal served upon said J. F. Coonan and Mary Coonan, the appellant here, notice of an application to be made to the superior court of Humboldt County, in which both said judgments were rendered, for an order that the judgment for five thousand dollars entered in the suit of Coonan *v.* Loewenthal, in favor of Coonan, on August 27, 1897, be set off *pro tanto* against the deficiency judgment entered in the suit of Loewenthal against Coonan, in favor of Loewenthal, on June 26, 1899, for $6,599.20.   But it appearing that, by reason of the appeal taken in the case of Loewenthal against Coonan, the judgment in that case had not become final, the superior court, instead of acting upon the motion, properly ordered it to be retained until such judgment should become final.

Thereafter, such judgment becoming final, said motion was renewed.   Upon the hearing thereof Mary Coonan, the appellant, objected to the jurisdiction of the court to entertain the motion, which was overruled, and upon the merits, in addition to other evidence, affidavits were presented upon both sides, raising an issue as to whether the appellant was a purchaser and assignee of the judgment recovered by her husband against Loewenthal for a valuable consideration, and without notice of any right of set-off, or other defense, existing in favor of Loewenthal at the time of the assignment.

The court upon the showing subsequently entered an order in favor of Loewenthal, directing that the amount of the judgment in Coonan *v.* Loewenthal, calculated to date, be credited upon the deficiency judgment docketed in Loewenthal against Coonan, and that the former judgment be satisfied of record.

It is from this order that the assignee, Mary Coonan, appeals.

It is insisted here, as it was on the hearing below, that the

superior court had no jurisdiction to entertain the application
to set off these judgments against each other on motion; that
a separate action should have been instituted against appel-
lant for that purpose.

But the authorities are against appellant on this point.  In
at least two decisions of this court the jurisdiction of the
lower court to proceed on motion to offset judgments has been
expressly sustained, and the practice which has been followed
here is there sanctioned and approved.  The power to pro-
ceed by motion rests upon the general jurisdiction which
courts possess over their judgments and their suitors. (*Por-
ter* v. *Liscom*, 22 Cal. 430;[1] *Haskins* v. *Jordan*, 123 Cal. 160,
[55 Pac. 786].)

Counsel for appellant make their further points on this
appeal on the assumption that appellant was a purchaser for
value of the judgment in favor of her husband, and took his
assignment without notice of respondent's alleged right of
set-off.  But whether she was such purchaser and took with-
out notice was an issue in the lower court, to which evidence
was addressed.  The affidavit of J. F. Coonan, which fur-
nishes the only evidence as to the consideration for the assign-
ment, stated that it was made in payment of a pre-existing
indebtedness consisting of two sums of money aggregating
some two thousand dollars which he had borrowed from the
appellant in the years 1883 and 1893.  It does not appear that
this indebtedness was evidenced by any note, or that any
demand for payment was ever made, and it will be observed
that it was outlawed many times over when the assignment
was given.  These facts, when taken into consideration with
other circumstances surrounding the transaction, might well
raise a question as to whether there ever was, in fact, an in-
debtedness, as such, existing between the appellant and her
husband, sufficient to support the assignment and defeat the
right of respondent, as a creditor of J. F. Coonan, to a set-off.
But without further discussing this matter of consideration
for the assignment, there was, as we say, also an issue as to
whether the appellant did not take the assignment with notice.
Upon this issue, while it is contended by respondent that the
evidence was, in legal effect, one way, and in support of his
claim that she took with such notice, it was at least conflict-
ing, and in support of the order of the lower court directing

[1] 83 Am. Dec. 76.

the set-off, it must be assumed, that if the court did not find
that appellant was not a purchaser for value, it at least found
she took the assignment with notice of defendant's right of
set-off. In order that appellant might be protected under the
assignment against respondent's claim, it was at least neces-
sary that she be both a purchaser for value and without notice,
and as the evidence warranted the court in finding against her
at least upon the latter point, it must be presumed, in sup-
port of the order directing the set-off, that it did so. This
being true, her assignment did not affect the right of respond-
ent to insist upon a set-off against the judgment obtained
against him by her assignor, J. F. Coonan. (*Porter* v.
*Liscom*, 22 Cal. 430.[1])

It is, it is true, insisted by respondent that even if appel-
lant were a purchaser for value and in good faith, neverthe-
less she took the assignment burdened with the right of re-
spondent to assert his claim of set-off. As, however, it must
be assumed in support of the order that she at least took with
notice, we are not called upon to discuss a proposition which
is not necessarily involved in the consideration of the appeal,
or essential to its disposition.

As, then, the effect of the order of the lower court was to
find that appellant took with notice of respondent's rights
and in subordination to them, further consideration of this
appeal would be unnecessary, if it were not for the claim of
appellant that at the time of the assignment to her there
existed no right of set-off in favor of respondent. In this
regard it is insisted that no such right existed because at the
time of the assignment the respondent had not actually paid
the money due upon the notes for which he had become the
surety of J. F. Coonan, and, further, because respondent was
protected in his suretyship by the mortgages given him by
J. F. Coonan, and no personal liability existed between them,
or could exist until, by foreclosure of said mortgages, it
should be ascertained whether the property mortgaged was
sufficient security for the amount involved.

We do not think this position of appellant is maintainable.
The fact that Loewenthal had not actually paid the notes at
the time of the assignment to appellant is not controlling.

While Loewenthal's demand against Coonan had not ac-

[1] 83 Am. Dec. 76.

crued because the notes had not been actually paid, still the
contracts upon which Loewenthal's liability rested for such
payment were then in existence.  The notes upon which he
was surety were overdue, unpaid by Coonan, and the latter
was insolvent.

Under these circumstances, whatever the rule at law may
be, in equity the right of set-off is recognized as existing.
The insolvency of a debtor is one of the principal grounds
upon which the intervention of a court of equity to grant an
equitable set-off rests, and when such insolvency exists a court
of equity will allow the set-off notwithstanding the assign-
ment, when a court of law would not, and in cases where,
though the right to a set-off had not actually accrued at the
time of the assignment, yet a liability then existed under
which a right of set-off against an insolvent debtor subse-
quently accrues.   (*Whitehead* v. *Jessup,* 7 Colo. App. 460,
[43 Pac. 1042]; *Warren* v. *Whittaker,* 6 Mich. 136;[1] *Nashville
Trust Co.* v. *Bank,* 91 Tenn. 336, [18 S. W. 822]; *Wood* v.
*Steele,* 65 Ala. 439; *Krause* v. *Beitel,* 3 Rawle, 199,[2] *Central
A. Co.* v. *Buchanan,* 90 Fed. 461; *Ellis* v. *Kerr* (Tex. Civ.
App.), 23 S. W. 1050; *North Chicago Mill Co.* v. *St. Louis
Ore etc. Co.,* 152 U. S. 596, [14 Sup. Ct. 710]; *Mattingly* v.
*Sutton,* 19 W. Va. 19.)

We make no quotations from these authorities because in
the case of *St. Louis Nat. Bank* v. *Gay,* 101 Cal. 290, [35 Pac.
876], the doctrine which they support is in principle sustained,
—that the existence at the time of the assignment of the lia-
bility to pay, upon the part of the surety, was sufficient to
sustain his right to a set-off, notwithstanding the assignment,
where payments were made subsequent thereto by virtue of
that liability, and an unsatisfied demand for reimbursement
existed in his favor when his right of set-off was sought to be
enforced.

It is there decided that the maker of non-negotiable notes
which had been assigned by the payee to a third party might
set off against them the note of the payee which he had pur-
chased before the date of the assignment, and that it was of
no moment that the note sought to be set off was not due when
the assignment was taken, if it was due at the commencement
of the action in which it was asserted as a set-off.

[1] 72 Am. Dec. 65.                    [2] 23 Am. Dec. 116.

The proposition involved in that case, as in the case at bar, was whether the assignee took subject to a right of set-off, and it was there determined that he did, and that the fact relied on—that the indebtedness was not due when the assignment was made—was of no importance. In that case the thing itself which fixed the liability of the plaintiff therein—the note, a chose in action—was existing at the time of the assignment, and it was sufficient to entitle it to be enforced as a set-off against the assignee that it was due when the action in which it was asserted as a set-off was commenced, although not due at the date of the assignment.

In the case at bar the liability of Loewenthal upon his contract of suretyship for Coonan on the notes was existing at the time the assignment to appellant was made, and as he subsequently paid the notes under it, his claim against Coonan had fully accrued at the time he sought to have set-off *pro tanto* the judgment in Coonan *v.* Loewenthal against the deficiency judgment which he had obtained against Coonan, and which represented Coonan's indebtedness to him under the liability existing at the date of the assignment.

We are satisfied that in principle the doctrine announced in the case referred to should be applied in the case at bar. But the natural equities in the present case also call for the application of that rule. The appellant took his assignment of the judgment with knowledge that Loewenthal was surety for her husband upon these notes. His liability as surety was an existing one when the assignment was taken by her, and the insolvency of her husband at that time and prior thereto made it as certain that Loewenthal, as surety, would have to pay the indebtedness represented by the notes, as it was certain therefrom that her husband could not do so.

By reason of the insolvency of Coonan his liability to his surety, Loewenthal, became as certain and definite as if payment of the notes had actually been made by the latter; and as Coonan at the time he obtained the judgment against Loewenthal was insolvent, the latter, by reason of the fact that he would have certainly to pay as surety the indebtedness of Coonan, was entitled to retain any money due from him to Coonan, as indemnity against that liability, and he could not be deprived of that right by Coonan's assignment of the judgment, the enforcement of which by the assignee would

deprive him of the indemnity fund. This right of Loewen-
thal to retain, as an indemnity fund, the money due Coonan
under his judgment, sprung from the fact of the insolvency
of Coonan at the time of the rendition of the judgment in
his favor, and at the time the assignment was made, and ex-
isted by virtue of the liability of Loewenthal as surety for
him, and not upon whether actual payment of the notes for
which he was such surety had been made by Loewenthal
or not.

And this right could not be affected by the assignment of
appellant. If it could, then a surety, under such circum-
stances, would be entirely without remedy, when it is obvious
that the plainest principles of justice are in his favor. Coonan
himself, being insolvent, could not have enforced his judg-
ment against Loewenthal in face of the liability of the latter
as his surety on these notes, existing when such judgment was
obtained, and appellant, as assignee, could stand in no better
position than her assignor. In harmony with the rule as de-
clared in the authorities we have cited, and with the principle
announced in *St. Louis Nat. Bank* v. *Gay,* 101 Cal. 290, [35
Pac. 876], we are satisfied that the facts in the case at bar show
that the right of set-off existed in favor of Loewenthal, under
his contract of suretyship, when the assignment of the judg-
ment in favor of Coonan was made by him to appellant; that
if the simple fact of the existence of Loewenthal's liability
as a surety, at the time of the judgment obtained by Coonan,
had not secured that right to him notwithstanding he had not
then paid the notes, still the existence of that liability, the
relationship between the parties—principal and surety—the
fact that Coonan was insolvent when the judgment was ob-
tained by him and when assigned, afforded sufficient ground
to warrant the lower court in holding that an equitable right
of set-off against the judgment obtained by Coonan existed at
the time it was obtained, and was not affected by that assign-
ment. This equitable right of set-off existing between the
parties at the time of the rendition of the judgment in favor
of Coonan clung to that judgment, and the assignee took it
subject thereto.

Neither did the mortgages given by Coonan to indemnify
Loewenthal affect this general right of equitable set-off.

The only effect of the mortgages was to make it uncertain

how much of a claim Loewenthal would have against Coonan, after the application of the securities towards canceling the indebtedness which would be represented through payment of these notes by Loewenthal under his general liability as surety. This could only be definitely ascertained after the security represented by the mortgages had been exhausted toward such payment. Loewenthal having paid the notes upon which he was surety, foreclosed the mortgages and applied the proceeds to the liquidation of his claim against Coonan as far as they would go, leaving a deficiency judgment in his favor. At the time the motion to set off was made, and when it was granted, the mortgage security having been exhausted, the amount of set-off which Loewenthal was entitled to claim against the Coonan judgment had been determined by the deficiency judgment in his favor, and the only question before the court then was the right to set off judgment against judgment.

There is nothing in the case of *McKean* v. *German-American Sav. Bank,* 118 Cal. 334, [50 Pac. 656], conflicting with these views. That case involved the right of the holder of a debt secured by mortgage to apply in reduction or cancellation of the debt a claim due by the holder to the debtor. It was held that this could not be done. But, in the case at bar, there was no attempt to set off a judgment against the mortgage indebtedness, but to set off a deficiency judgment after the mortgage had been foreclosed and the deficiency ascertained and docketed at the time the motion to set off was made. Nor did the existence of this security at the time of the assignment of the Coonan judgment to appellant deprive Loewenthal of the right to an equitable set-off by reason of his general liability as surety. The question of an equitable set-off was not involved in the case relied on by appellant. In fact, there was no reason in that case for the invocation of that doctrine. In the case at bar, however, there is. The doctrine of equitable set-off is what the respondent Loewenthal relies on, and the circumstances in this case entitle him to assert it. Here, at the time Coonan obtained his judgment, Loewenthal was liable as his surety in a large amount; the relation of principal and surety existed between the parties; the mortgage was given as indemnity and was greatly inadequate and insufficient security for that purpose, and at the time of the

recovery of the judgment and its assignment Coonan was insolvent. These facts, none of which appeared in the case relied on, differentiate it from this case, and furnish equitable reasons here for holding, that at the time of the assignment of the judgment by Coonan, an equitable right to set-off existed in favor of Loewenthal by virtue of his liability as surety of Coonan at that time, on the notes, and as the amount of his set-off against the Coonan judgment was certain and determined by the deficiency judgment in his favor at the time of his motion to set off the former *pro tanto* against the latter, the court properly ordered that it should be done.

The order appealed from is affirmed.

McFarland, J., and Henshaw, J., concurred.