BULLITT v. JESSE FRENCH PIANO & ORGAN CO.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913. Rehearing Denied June 26, 1913.)

1. COURTS (§ 480*) — INJUNCTION AGAINST EXECUTION ON JUDGMENT IN COURT OF OTHER COUNTY.

Under Rev. Civ. St. 1911, art. 4653, providing that writs of injunction granted to stay execution shall be returnable to the court where suit is pending or judgment was rendered, the county court of one county cannot enjoin the issuance of execution upon a judgment had in the court of another county.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

2. INJUNCTION (§ 172*)—TIME.

Under Rev. Civ. St. 1911, art. 4648, providing that no injunction to stay execution upon any valid judgment shall be granted after the expiration of one year from rendition, where application has been delayed through fraud or false promises by defendant, a judgment rendered in 1905 cannot be enjoined in 1912; there being no showing of fraud.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 374–384; Dec. Dig. § 172.*]

3. EXECUTION (§ 171*) — RESTRAINING ISSUANCE OF EXECUTION—SET-OFF—INSOLVENCY.

Where defendant executed a note and mortgage for the purchase price of a piano, and upon nonpayment thereof the mortgage was foreclosed, defendant is not entitled to an injunction to restrain execution upon the foreclosure judgment because the plaintiff is indebted to defendant, it not appearing that plaintiff was insolvent; for a judgment debtor is not entitled to enjoin the collection of a judgment and offset it with a debt due to him by the judgment creditor, unless the creditor be insolvent.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

Appeal from Bexar County Court; John H. Clark, Judge.

Action by Gordon Bullitt against the Jesse French Piano & Organ Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Alex C. Bullitt and Joe L. Hill, both of San Antonio, for appellant. W. R. Camp, of San Antonio, for appellee.

FLY, C. J. Appellant instituted a suit against appellee and John W. Tobin, sheriff of Bexar county, in the county court for civil cases of Bexar county, wherein it was alleged that appellee was, prior to September 28, 1904, in the business of selling pianos and organs in Bexar county, and represented to appellant that it needed the services of an attorney in its business, and that it would employ and retain appellant if he would purchase a piano from it; that he purchased one and gave his note for $600 for the balance of the purchase money, and that thereby the relation of attorney and client was established between him and appellee; that thereafter and up to December 30, 1905, he performed the duties of attorney for appellee, but on October 18, 1905, appellee sued him on the note given for the piano, and recovered judgment thereon in the sum of $624; and that the fees for his services should be applied as payments on said judgment. It was alleged that the judgment was valid and subsisting, and that an "execution in the nature of an order of sale" had been issued, and appellant prayed for a writ of injunction restraining the sheriff from levying the execution, and that the equities existing between appellant and appellee be adjusted, and appellant recover the amount due him

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

after satisfying the judgment. Appellee excepted to the petition on the ground that it showed that the county court of Dallas county had jurisdiction of the matters in controversy, and that appellant had a complete legal remedy. The exceptions were sustained, the temporary injunction dissolved, and the cause dismissed.

[1] The petition does not disclose where the judgment under which the execution was issued was obtained, and nowhere in the record is there anything that indicates where the judgment was rendered. Appellant in his brief, however, states that the judgment was rendered in the county court of Dallas county, Tex.; and, if it be assumed that such is the fact, the cause should have been returned to and tried in the court where the judgment was rendered. Article 4653, R. S. 1911.

[2] It is admitted by appellant in his petition that the judgment against him on the note is valid and subsisting, and the petition also shows that the judgment was rendered prior to December 30, 1905, and this suit was instituted on February 6, 1912, and the allegations are not sufficient to relieve the suit of the bar stated in article 4648, R. S. 1911.

[3] Appellant does not allege the insolvency of appellee, and he clearly had an adequate legal remedy, and it was not shown that irreparable injury to personal property was threatened by appellee in having his order of sale levied on a piano on which a mortgage lien had been duly foreclosed. Appellant admitted that he had executed the note for a piano; that he at the same time executed a mortgage on the piano to secure the note; that judgment had been rendered on the note and the mortgage duly foreclosed, and the sole object of the suit was to offset against a judgment a claim based on legal services, which he alleged were rendered after the judgment was obtained against him. A judgment debtor is not entitled to enjoin the collection of the judgment and offset it with a debt owing to him by the judgment creditor, unless he shows that the creditor is insolvent, and that he could not plead it at the time the judgment was obtained. Beach on Injunctions, § 619; Sayre v. Harpold, 33 W. Va. 553, 11 S. E. 16; McDonald v. MacKenzie, 24 Or. 573, 14 Pac. 866; Ellis v. Kerr (Tex. Civ. App.) 23 S. W. 1050; Coonan v. Loewenthal, 147 Cal. 218, 81 Pac. 527, 109 Am. St. Rep. 128.

The judgment is affirmed.