[Civ. No. 3264.  Second Appellate District, Division One.—July 28, 1920.]

## ELIZABETH BLAKE, Plaintiff and Appellant, v. JAMES ARP, Defendant and Appellant.

[1] JUDGMENTS—PAYMENT AND SATISFACTION—CONTRIBUTION—CREDIT ON INDEPENDENT JUDGMENT — PROCEDURE FOR ENFORCEMENT. — Where one defendant in an action pays and satisfies a judgment which in equity and good conscience should be paid by his codefendant, but the former does not comply with the provisions of section 709 of the Code of Civil Procedure as to the manner of enforcing contribution by the latter without resort to suit, the former is not entitled, on motion, to have such judgment, or the payment made in satisfaction thereof, credited on a judgment obtained against him in an independent action in which such codefendant was plaintiff.

APPEAL from an order of the Superior Court of Kern County directing partial satisfaction of judgment. T. N. Harvey, Judge. Reversed.

The facts are stated in the opinion of the court.

E. F. Brittain for Plaintiff and Appellant.

Kaye & Siemon for Defendant and Appellant.

JAMES, J.—Both plaintiff and defendant appear as appellants in this action, neither being satisfied with the order made in the superior court.

On the twenty-fifth day of October, 1915, plaintiff obtained judgment against the defendant for a considerable sum of money. On the third day of June, 1919, plaintiff assigned this judgment to one Cohn. On January 9, 1917, in an action brought against the plaintiff and defendant and one Hewitt, judgment was recovered in the sum of $1,050, with interest and costs. An appeal was taken from that judgment by defendant Arp, and the judgment was thereafter affirmed and it was fully paid by Arp about July 1, 1919. In the transcript there appears a notice of motion, made under the title of the first-mentioned action, which notice recited that Arp "will on Monday, the four-

teenth day of July, 1919, . . . move the said court for an order directing the clerk to enter partial satisfaction in the sum of $1,313.30 of the judgment heretofore entered herein in favor of the plaintiff and against the defendant for the sum of $2,100, together with interest and $138.85 costs. . . . Said motion will be made on the ground that the defendant has paid on account of the judgment entered in the action the sum of $1,313.30 in satisfaction of the judgment recovered in the said action of *Ransch* v. *Arp* and on the ground that the judgment in the last-mentioned action was for the recovery of the debt· which was owing and payable by the plaintiff herein and not owing by the defendant herein, and which in equity and good conscience ought to be paid by the plaintiff herein.'' This notice appears to be dated July 7, 1919, but the record does not disclose the date of filing thereof by the clerk. The record does show, however, that the motion came on to be heard on the second day of September, 1919, and the court made its order, being the order from which the appeals are taken herein. This order directed ''the clerk of the court to enter partial satisfaction of the judgment herein to the extent of the sum of $437.77, being one-third of the amount paid by said Arp in full satisfaction of the judgment entered in the said action of *Ransch* v. *Arp* et al.'' The following also appears in the printed transcript as a part of the record: ''It being also stipulated in open court that the record in the clerk's office in this case on the hearing of said motion that no notice of payment of said judgment was filed by James Arp with the clerk of said court within ten days after his payment of said judgment, or at any other time claiming contribution or repayment under section 709 of the Code of Civil Procedure of the state of California.'' The cause of the dissatisfaction of the plaintiff with the order made is, as contended by her, that the motion should not have been granted at all; defendant is dissatisfied because the court granted the motion allowing a credit of one-third of the amount which he had paid in the second judgment only, instead of offsetting the whole thereof against the judgment in the case of *Blake* v. *Arp.* In the view we take of the matter, it will be unnecessary to consider the effect which the assignment by Blake of her judgment had upon the rights of Arp, or as to whether there is merit in plaintiff's contention that

the second judgment was not one on account of which contribution could be claimed against her. [1] The procedure adopted by the defendant Arp was not one appropriate to enforce contribution under the provisions of section 709 of the Code of Civil Procedure, for it does not appear that he proceeded as required under that section. Aside from the fact that the papers which he filed were not appropriate in their form or substance to make effectual any such claim, it was expressly stipulated that a claim for contribution, required to be filed within ten days with the clerk of the court under the provisions of section 709, was not so filed. The right given by section 709 is purely statutory and is designed to furnish a means whereby a defendant against whom a judgment has been entered and paid may enforce claim for contribution in a proper case without resort to suit. "It simply provides a convenient method of enforcing contribution by a judgment debtor who has paid a judgment as against a codefendant or codefendants liable for a proportion of the debt." (*Dow* v. *Sunset Tel. & Tel. Co.*, 162 Cal. 136, [121 Pac. 379]; *San Joaquin Valley Bank* v. *Gate City O. Co.*, 36 Cal. App. 791, [173 Pac. 781].) The procedure adopted by the defendant would have been appropriate in a case where one judgment was sought to be set off against another, to effect which result it must appear that there are judgments in favor and against each of the parties. "The satisfaction of a judgment may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor, or, in other words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon or set off against a judgment against him. The court in a proper case will grant the motion. Its power to do this cannot be traced to any particular statute and exists only in virtue of its general equitable authority over its officers and suitors. . . . Generally, a party will not be allowed to set off a judgment in his favor against a judgment against him, unless he is both the legal and equitable owner of the judgment in his favor, and the party against whom he seeks to exercise the right is also the beneficial owner of the judgment recovered by him." (2 Freeman on Judgments, 4th ed., sec. 467a.) The cases

cited by appellant Arp, notably *Coonan* v. *Loewenthal*, 147 Cal. 218, [109 Am. St. Rep. 128, 81 Pac. 527], and *Haskins* v. *Jordan*, 123 Cal. 157, [55 Pac. 786], were cases proper to be considered under the rule announced by Mr. Freeman, for the judgments sought to be offset were existing judgments which had not been satisfied. If the judgment has been paid it is satisfied; hence there is no judgment which the court may credit to the moving party upon his judgment debt in another action. The court, by its order as made herein, attempted to enforce the alleged right of contribution in favor of the defendant in a proceeding which had not been taken in the way required by the code provisions to which we have referred.

The parties hereto having stipulated that both appeals be heard upon the same record and considered together, separate orders are not required to be made.

The order appealed from is reversed, appellant Blake to recover her costs.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 27, 1920.