GEORGE W. BROWN ads. CYRENIUS HENDRICKSON.

1. In the exercise of its equitable jurisdiction, this court has power to order one judgment to be set off against another, where the judgment prayed to be set off may be enforced against the person recovering the judgment to be satisfied by the set-off. The doctrine is a purely equitable one, and will be administered in all cases upon such equitable terms as will promote substantial justice.

2. By virtue of the control which courts have over their suitors and over the officer who executes their process, the set-off may be ordered, although the judgments are not in the same court.

3. The *bona fide* holder of a judgment by assignment against two defendants, is entitled to have a judgment recovered against him by one of such defendants, after such assignment, set off against the assigned judgment, even though the second judgment is assigned to a third person, for value, without notice of the assignment of the first judgment to the defendant in the second judgment. The assignee of the second judgment takes it subject to all existing equities, of which the right to set off is one.

4. The costs of the second judgment will not be included in the order to set off; the attorney's lien for costs will be preserved.

On application on the part of defendant to have judgment recovered against him by plaintiff set off against a judgment against plaintiff, held by defendant by assignment.

Argued at November Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *F. Kingman.*

For the defendant, *Chilion Robbins.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 6th of November, 1875, Herbert & Thompson recovered, in this court, a judgment against Cyrenius Hendrickson and Henry D. Hendrickson, for the sum of $1738.58, which, on the 28th of April, 1876, was assigned to the above-named defendant, George W. Brown.

In November, 1876, the said Cyrenius Hendrickson recovered, in this court, a judgment against the said Brown, for $653.22, which was, immediately thereafter, assigned to Asher Holmes and others. The assignment to Holmes was drawn and signed by Cyrenius after the verdict was rendered, and before judgment was actually entered; but it was, in terms, an assignment of the verdict and judgment to be entered, and could not take effect, fully, until the judgment was entered, and must, therefore, be regarded as an assignment of the judgment. Application is now made by Brown to have the judgment recovered against him set off against the judgment which he holds by assignment.

It has long been the established practice in the English courts to afford this relief in proper cases. In *Mitchell* v. *Oldfield*, 4 *T. R.* 123, where A had a judgment against C, and C recovered a judgment against A and B, C was permitted, on motion, to set off the damages which he had recovered against those obtained by A.

Lord Kenyon, in that case, said that this rule did not depend on the statute of set-off, but on the general jurisdiction of the court over the suitors in it; that it was an equitable part of their jurisdiction, and had been frequently exercised.

The court permitted the defendants, in *Glaister* v. *Hewer et al.*, 8 *T. R.* 69, to set off a judgment recovered by them against the plaintiff, against a judgment obtained by the plaintiff against them, notwithstanding the plaintiff may also have had a separate demand on one of the defendants.

So far was the practice carried in *Alliance Bank* v. *Holford*, 16 *C. B.* (*N. S.*) 460, that A, having obtained a verdict against B & Co., bankers, for the amount of his cash balance, and B & Co. having brought actions against A, upon bills of exchange to a larger amount, the judge stayed the execution in A's action, until the following term. B & Co.'s actions, in the meantime, ripened into judgments, and then the court allowed the judgments to be set off against each other.

In *Doe* v. *Darnton*, 3 *East* 149, the application was denied, because the interest of third persons intervened, who had peculiar trusts by statute.

The uniformity with which this rule has been accepted by the courts in England, will be shown by reference to the following, among many other cases of like effect: *Baker's Adm'r* v. *Braham*, 2 *W. Bl.* 869; *Hall* v. *Ody*, 2 *B. & P.* 28; *Bourne* v. *Benett*, 4 *Bing.* 423; *Schoole* v. *Noble*, 1 *H. Bl.* 23; *O'Connor* v. *Murphy*, *Id.* 657.

The same rule prevails in New York. *Cooper* v. *Bigalow*, 1 *Cowen* 206; *Miller* v. *Gilman*, 7 *Id.* 469; *Kimball* v. *Munger*, 2 *Hill* 364; *Graves* v. *Woodbury*, 4 *Id.* 559; *Simson* v. *Hart*, 14 *Johns.* 63.

In the case last cited, Spencer, J., said, "That although the demands being joint and several, are not, strictly speaking, due in the same right, yet, if the legal or equitable liabilities or claims of many become vested in, or may be urged against one, they may be set off against separate demands, and *vicè versa.*"

In *Reeves* v. *Hatkinson*, 2 *Penn.* 751, this court properly refused to allow an assigned judgment to be set off in an action of *assumpsit* before judgment in such action, by pleading it under the statute concerning set-off, on the ground that it was not a debt for which the assignee could maintain an action in his own name.

But this case does not conflict with the practice of setting off one judgment against another, so as to narrow the execution to the balance due, a practice subsequently adopted by this court in *Coxe* v. *State Bank*, 3 *Halst.* 172.

The fact that the judgment was assigned to Brown does not defeat the application of the rule. *Miller* v. *Gilman*, 7 *Cowen* 469; *Cooper* v. *Bigalow*, 1 *Id.* 206.

In testing the right to a set-off, it is not necessary that the judgment should be in the same right: it is enough if the judgment prayed to be set off may be enforced at law, against the party recovering the judgment to be satisfied by the set-off; provided it is not in a representative capacity.

*Simson* v. *Hart*, 14 *Johns.* 63 ; *Turner* v. *Satterlee*, 8 *Cowen* 480.

Although, where one of the parties in the cross actions has assigned his interest to a third party, there may be no right to set off the judgment, yet where the assignee, being the real plaintiff in one action, is also the real defendant in the other, there is such right of set-off. *Standeven* v. *Murgatroyd*, 27 *L. J. Exch.* 425 ; 4 *Fisher's Dig.*, title *Set-off*, p. 7771.

Courts of law proceed, in directing the set-off of judgments, upon the equity of the statute authorizing set-offs, for it is confessedly not within the letter of the act. The power is derived from the control which they exercise over their own suitors, and over the process, the aid of which those suitors invoke.

By virtue of this control over their suitor, and the sheriff who executed their process, the Supreme Court of New York ordered their judgment to be set off against one in the Common Pleas. *Kimball* v. *Munger*, 2 *Hill* 364.

The doctrine is a purely equitable one, and will be administered in all cases upon such equitable terms as will promote substantial justice. These applications being founded on no positive statute, or any fixed rule which compels the court to grant them, are addressed to the discretion of the court, and, in the exercise of that discretion, even where the set-off might legally be made, if the court sees that injustice will be done by granting the order of set-off, it should be refused.

It will not be questioned, under the authority of the cases cited, that in the absence of the assignment of the later judgment, Brown, as the absolute and *bona fide* holder, by assignment of the earlier judgment, would be entitled to the set-off sued for ; the instant the second judgment was rendered, this equitable right would have attached. Nor will the general doctrine be controverted, that where, at the time of the assignment of a chose in action, an equitable right of set-off exists against the assignor, the assignee takes the chose in action subject to such right of set-off, even though he is without knowledge of its existence. No reason appears

why the assignee of a judgment should be held to occupy a position superior to that of the assignee of any other chose in action, whereby he may take it free from existing equities, and withdraw it from the operation of a set-off, which, in the absence of such transfer, would, without question, be enforced.

No greater hardship would fall upon the assignee for value without notice, in this than in any other case. Holmes must be presumed to have known the law—that the right of set-off existed, if Brown held a judgment against his assignor, either by recovery in his own name, or by assignment. An examination of the records of the several courts would have shown whether any judgment was outstanding against Cyrenius Hendrickson. Holmes can take no higher title to the judgment than his assignor had at the time of the assignment, a judgment to which the right of set-off attached as soon as it was recovered. Admitting that the claims of Holmes and Brown are equally meritorious, there is no reason why the right to set off in favor of Brown, which had attached prior to the assignment to Holmes, should be divested for the benefit of the latter. The equities being equal, Brown occupies the stronger position. Being earlier in point of time, he is entitled to the benefit of the maxim, *prior est in tempore, potior est in jure.* Such is the rule in courts of equity. In *Gay* v. *Gay,* 10 *Paige* 369, Chancellor Walworth held that the assignee of a chose in action, the assignment of which is available to him in equity only, takes it subject to all the equities which existed against it in the hands of the assignor, including the equitable right of set-off, if any such existed, against the assignor.

This doctrine is recognized in the subsequent case of *Barber* v. *Spencer,* 11 *Paige* 517.

In *Chamberlin* v. *Day,* 3 *Cowen* 353, the New York Supreme Court ordered the set-off in a case precisely like the one under consideration. There, Wiley purchased a judgment of C against D, without notice that D had previously purchased a judgment against C, and the court said:

"That Wiley took the assignment subject to all equities actually existing against C's judgment at the time of the assignment, want of notice will not protect against these. D had purchased, and taken an assignment of G's judgment against C, before the assignment to Wiley, and, having a right to this set-off prior to that assignment, it did not divest that right."

Chief Justice Savage, in commenting on this case in People v. New York, fully approves it, and says that notice to the second assignee is not at all important, as its only effect is to protect the assignee of the first judgment against the improper act of his assignor after the assignment.

Justice Cowen takes the same view in *Graves* v. *Woodbury*, 4 *Hill* 559, declaring that the fact that the party purchased and took an assignment of the second judgment for a valuable consideration, even without notice, would form no objection, if the right of set-off existed at the time, for an assignee takes subject to all equitable as well as legal defences which can be urged against the assignor.

That the assignee of a judgment occupies no better position than his assignor, at the time of the assignment, is the well-settled rule in New York, and is in accordance with the general principles which govern the transfer of choses in action. *Douglass* v. *White*, 3 *Barb. Ch.* 621; *Waring* v. *Loder*, 53 *N. Y.* 581; 2 *Lead. Cas. in Eq.* 1672, (*ed.* 1877.)

It seems to me that the substantial justice of the case will be promoted by according to Brown the relief he seeks. He obtained the judgment against Cyrenius Hendrickson by assignment, as an indemnity for any loss he might sustain by making sale of certain property under an execution in his hands, as sheriff of Monmouth county, against Henry D. Hendrickson, and for making that sale, Cyrenius recovered against Brown the judgment in question.

Lord Mansfield said: "That natural equity requires that cross demands should compensate each other by deducting the less sum from the greater, and that the difference is the only sum which can be justly due."

The real right of the case, therefore, would have been reached by the court saying to Cyrenius that the judgment which Brown held, by assignment, against him, should, in that suit, be applied in reduction of whatever sum he could show he was entitled to recover against Brown, allowing a verdict to be taken for the party to whom the balance might be due. Under the statute concerning set-off, this course was not open to the court. But after judgment, when the equitable power of the court asserts itself, strict rules of procedure are no longer in the way of doing exact justice, and it seems quite clear that Brown ought not to be compelled to pay a judgment recovered against him for $653, by Cyrenius Hendrickson, who is insolvent, while he holds a prior judgment against Cyrenius for more than $1700. That the judgment was assigned to Holmes, without notice to him that Brown held the prior judgment, cannot affect the equitable right of Brown, because Brown had no means of giving actual notice to all the world that he held the prior judgment by assignment, while Holmes, or any other purchaser of the judgment against Brown, could have ascertained, by inquiry from him, that he intended to claim the set-off.

Between these litigants, I think the loss should fall upon Holmes, and that Brown should be protected by directing the set-off, except as to the costs. In England, in setting off judgments, there is a difference between the King's Bench and Common Pleas as to the attorney's lien for costs, the former holding that the costs are not to be set off, but only the balance of the judgment after the costs are paid; the latter subordinates the attorney's lien to the equities of the parties. The practice in the King's Bench is the more reasonable one for this court, in view of the fact that the attorney is liable for the costs of its officers; and to the extent of the costs, equity should regard the judgment as in favor of the attorney himself.

The order for set-off should be entered accordingly.