ALICE M. SPENGLER, Appellant, v. KAUFMAN & WILKINSON, Garnishees of LOUIS P. SPENGLER, Respondents.

St. Louis Court of Appeals, December 23, 1890.

1. **Garnishment:** ADMISSIBILITY OF EXECUTION IN EVIDENCE. If an issue as to the indebtedness of the garnishee to the defendant arises under a garnishment on an execution, the execution is admissible in evidence, unless the court, under its rules, takes judicial cognizance thereof.

2. **Practice, Trial:** WRITTEN OPINION OF TRIAL COURT SERVING AS A DECLARATION OF THE LAW. When a cause is tried by the court sitting as a jury, and no instructions are given, but the court files a written opinion embodying declarations of the law applicable to the facts of the case, such opinion may be treated as instructions for the purpose of a review of the judgment on appeal.

3. **Garnishment:** EXEMPTION OF WAGES. A husband lived apart from his wife, and, in order to avoid payment of a judgment obtained against him by her for her maintenance and support, required his employers to pay him his wages in advance, threatening, in case of a refusal, to leave the employment. His employers,

Spengler v. Kaufman & Wilkinson.

knowing of his purpose, agreed to pay him his wages in advance, and continued to do so after they had been garnished on an execution issued in favor of the wife under such judgment. *Held* that the husband was not entitled, as the head of a family, to claim his wages as exempt from such garnishment, and that the garnishees were liable, though the same rule might not apply as to process in favor of a stranger.

4. ———— : ————. If wages are payable, under a contract based upon a sufficient consideration and enforceable, to one who is not the head of a family, *semble* that, though they are payable in advance and there is no fraud, the garnishment of the employer on a writ against the employe will arrest the payment of such wages as accrue prior to the filing of the answer of the garnishee.

5. **Practice, Trial:** ESTOPPEL BY COURSE OF PROCEDURE. A garnishee is estopped from claiming that the good faith of his dealings with the defendant is not put in issue by the pleadings, when his examination was conducted by plaintiff's counsel and his own, on the theory that such good faith was in issue.

6. **Pleading:** DEFENSE BASED ON FRAUD. *Held, arguendo,* that the better rule is to require a defense of fraud to be specially pleaded, and not to extend the ruling permitting such an issue to be raised by a general denial.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Ford Smith,* for appellant.

(1) The court erred in excluding pleadings in the case of *Spengler v. Spengler*; and in permitting Wilkinson to testify as to his motive. The act shows the motive. (2) Judgment should have been entered for plaintiff for the amount of the execution. R. S. 1889, sec. 5221. (3) The agreement made between Spengler and garnishee, to pay his salary in advance, was made for the express purpose of hindering, delaying and defrauding plaintiff by Spengler. Garnishee had full knowledge of Spengler's purpose, and entered into the

agreement to assist him to accomplish it. The agreement was, therefore, fraudulent and void, and the payments made under it by garnishee constitute no defense herein. *Reinhart v. Soap Co.*, 33 Mo. App. 24 ; *Fay v.* *Smith*, 25 Vt. 610; *Strauss v. Ayers*, 34 Mo. App. 248. ( 4 ) Defendant is not entitled to have his salary exempted from garnishment under the provision of Revised Statutes, 1889, section 5220, especially in this case. He is not the "head of a family," within the meaning of that statute. *Cooper v. Cooper*, 24 Oh. St. 488 ; *Love v. Moynihan*, 16 Ill. 277 ; *Calhoun v. Williams*, 32 Grattan, 18 ; *Keiffer v. Barney*, 31 Ala. 192 ; *Simonds v. Gully*, 7 Ala. 721 ; *Revalk v. Kraemer*, 8 Cal. 66 ; *Blackwell v. Boughton*, 56 Ga. 390 ; *State v. Finn*, 8 Mo. 261 ; *Allen v. Manasse*, 4 Ala. 554 ; *Bennett v. Stoke's Ex'r*, 2 Mo. 69 ; *Murdock v. Dalby*, 13 Mo. App. 41 ; *State ex rel. v. Hussey*, No. 1300, Court of Appeals not reported ; *Linton v. Crosby*, 56 Iowa, 386 ; *Danner v. Berthold*, 11 Mo. App. 351 ; *State v. Mertz*, 14 Mo. App. 55 ; *Harris v. Bohle*, 19 Mo. App. 529.

*Rassieur & Schnurmacher*, for respondents.

( 1 ) The execution was properly excluded when offered, because at that time no judgment had been established on which to support it. *Ramsey v. Waters*, 1 Mo. 406. The court properly excluded the pleadings in the original case. They were not only incompetent against garnishees, strangers to that record, but unnecessary and immaterial. It was only incumbent on plaintiff to establish a judgment, in order to make the execution admissible. *Lee v. Lee*, 21 Mo. 531. ( 2 ) The court properly discharged the garnishees under the evidence. The execution not being in evidence, there was nothing to support the proceeding. Besides, the plaintiff's denial, in garnishments, stands in the place of a petition. *Bank v. Dillon*, 75 Mo. 380 ; *Groschke v. Bardenheier*, 15 Mo. App. 353. ( 3 ) There was no evidence introduced by

plaintiff tending to contradict the answer ; we, therefore, contend that on the pleadings the judgment was proper. Garnishees had the right to agree to pay their employe in advance, rather than lose his services. *Reinhart v. Soap Co.*, 33 Mo. App. 24. There was no evidence in the case tending to show any fraudulent motive on the part of garnishees in entering into the agreement. The only evidence on the subject of motive was the testimony of Mr. Wilkinson, who stated that his firm retained Mr. Spengler only because they had to have him at the time, and the alternative he gave them was to pay him in advance or lose his services. "Fraud will not be presumed, but must be established. Where a transaction is as compatible with honesty as dishonesty, it will be presumed to be honest." *Chapman v. McIlwrath*, 77 Mo. 38. (4) A garnishee will not be chargeable for payment of monthly wages to his employe after garnishment, the employe being the head of a family and a resident of this state, and the payments having been made so as to keep the amount due the employe below the value of his services for the thirty days preceding the several payments. R. S. 1889, sec. 5220 ; *Davis v. Meredith*, 48 Mo. 263 ; *Mangold v. Railroad*, 89 Mo. 111. Garnishees' employe was the head of a family. *Brown v. Brown*, 68 Mo. 388 ; *Whitehead v. Tapp*, 69 Mo. 415.

ROMBAUER, P. J.—This is a garnishment on execution. The garnishees' answer denied all indebtedness. The plaintiff filed the following denial :

"The plaintiff denies each and every statement and allegation contained in said answer, excepting that defendant Louis P. Spengler is in the employ of said garnishees. And plaintiff avers and states the fact to be that, at the time of the service of the process of garnishment upon them, said garnishees were indebted to said defendant in the sum of $125, and that, at the time of filing said answer,

said garnishees were indebted to said defendant in the sum of $400 and upwards; that the same is now due and owing to said defendant by said garnishees as salary as bookkeeper and collector for said garnishees; that the same has not been paid, but that said defendant and said garnishees, with the fraudulent intent and purpose to cheat and defraud this plaintiff of her just demands against said defendant, falsely and fraudulently pretend and assert that the same has been paid, when in truth and fact the same has not been paid, and that said pretended payment is merely colorable and a sham designed and devised by said defendant and said garnishees to cheat and defraud this plaintiff as aforesaid; that, since the service of the process of garnishment herein, said defendant, Louis P. Splengler, has earned as bookkeeper and collector for said garnishees the sum of $400 and upwards, which said sum is now due and owing from said garnishees for said services, and subject to garnishment herein. Wherefore plaintiff prays judgment," etc.

The garnishees reply as follows: "The garnishees deny each and every allegation in said denial contained. And for further reply garnishees say that, at the time they were summoned as garnishees herein, they were not, nor have they since become, nor are they now, in any wise indebted to the defendant. And, further replying, garnishees say that said defendant is now, and for a long time past has been, in the employ of these garnishees; that, previous garnishments at the suit of this plaintiff having been served upon them in the month of April, 1889, returnable to the June term of this court, defendant notified garnishees that he would prefer to quit and leave their employ, rather than incur the risk of having his wages seized under garnishment, and that, although at that time overpaid and in garnishees' debt, he would insist on having his salary paid in advance or quit, as stated; that garnishees, rather

than lose his services, agreed that they would 'permit him to draw his salary in advance as he had been doing, and that, since the service of a notice of garnishment, and prior thereto, garnishees have always paid said defendant in advance, and did not then, nor have they at any time since, owed defendant any money."

Under the issues thus framed, the cause was submitted to the court, sitting as a jury, and a verdict and judgment were rendered in favor of the garnishees. Exceptions were saved to the ruling of the court in excluding certain evidence offered by the plaintiff. No formal instructions were asked by either party. The court of its own motion filed a written opinion, stating its views of the evidence and the law, which opinion is embodied in the bill of exceptions, and treated in the motion for new trial as a declaration of law made by the court.

The ruling of the court in excluding evidence offered by the plaintiff, and the declaration of law made by the court, are assigned for error.

The record recites: Plaintiff offered in evidence the execution under which the garnishment herein was issued. The garnishees objected to it as incompetent; the court sustained the objection, and the plaintiff excepted. As the judge in his opinion hereinbefore referred to passed on the merits of the case, and as we are bound to assume that the record before us speaks the truth, the court probably excluded the execution on the theory that, under the rules of court, the execution was part of the original process, and took judicial notice of its contents. No other theory is conceivable, on which the execution could have been legally excluded. Garnishment on execution is not a new suit, but a mere incident or auxiliary to the judgment. *Tinsley v. Savage*, 50 Mo. 141. The court was bound to take judicial notice of the judgment, because it was a judgment in the same suit. It is only where title is

involved, as in *Ramsey v. Waters*, 1 Mo. 406, and the suit is a new suit, that it is essential to offer the judgment on which the execution is founded under which a party claims.

We may add that, if the execution is made part of the record by the rules of the court in this class of cases, the clerk should set it out as such in making the transcript, and, if not so made, the execution should be received in evidence and set out in the bill of exceptions; otherwise the appellate court is not placed in a position to review the correctness of the judgment. The execution in this case is set out in full in the bill of exceptions, and as the cause was tried before the court, and the court passed upon the merits, treating the execution apparently as part of the record, the apparent error in ruling it out was in no sense prejudicial to the plaintiff.

We have in several cases, where a cause was tried by the court without a jury, and where no instructions were given for either party, but the court filed a written opinion embodying declarations of law applicable to the facts of the case, treated the opinion as instructions for the purpose of reviewing the judgment on appeal. *Callahan v. Morse*, 37 Mo. App. 189, 204. The declaration of law made by the court, and the finding of facts to which it is made applicable, is contained in the following parts of its opinion:

"By section 2519, Revised Statutes, 1879, as amended by the act of April 2, 1885 (now re-enacted, R. S. 1889, sec. 5220) it is provided that no person shall be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service; *provided such employe is the head of a family and a resident of this state.*

"The plaintiff recovered a judgment against the defendant, who is her husband, for maintenance and support. He failed to pay this, and a garnishment was

served upon the garnishees, Kauffman & Wilkinson, his employers, some time in April, 1889. This garnishment was dismissed, and thereupon, and before the present garnishment was served ( May 30, 1889 ), the defendant, Spengler, notified them that he would quit their employ rather than incur the risk of having his wages seized under garnishment, and that unless they would thereafter pay him in advance ( *sic* ). The garnishees, rather than lose his services, agreed to permit him to draw his salary in advance ever since, and so the garnishees do not, in point of fact, owe the defendant anything.

"There is no room to doubt, under the evidence, that this arrangement was conceived by the defendant, Spengler, with a view to defraud his wife, the plaintiff, out of her just claim against him. This was plainly his purpose, and this purpose was known to the garnishees, and they have assisted him in carrying out this purpose.

" But these facts do not entitle the plaintiff here to a judgment against the garnishees, unless the case is thereby taken out of the operation of the statute above quoted."

The opinion then states in substance that, as it appears in evidence that at the date of the garnishment the garnishees owed the defendant in the execution nothing, and that, since by the contract made between them his salary was payable monthly in advance, it necessarily follows that they did not thereafter become indebted to him at any time in any amount subject to garnishment, *because the defendant was the head of a family within the meaning of the section set out in the opinion.*

It does not appear in evidence that the defendant in the execution is the head of a family, unless he is the head of a family by reason of the fact that the plaintiff, who is his wife, who lives apart from him, and whom he fails to support, is the other part of the family, of which

he is the head.   As this particular exemption is made exclusively for those dependent upon the insolvent debtor, it necessarily follows that, if the reasoning of the court is correct, a provision which is made for the plaintiff in this case becomes nugatory, and that the law permits the defendant to repudiate his real obligations under the cover of a legal fiction.   The provision of a law, intended as a shield for the wife, is thus turned into a weapon for her injury.   Such a construction of the statute should not be adopted, unless, under the decisions in this state, it becomes unavoidable.

It would seem that the trial court concluded that, under the decisions of *Brown v. Brown*, 68 Mo. 388, and *Whitehead v. Tapp*, 69 Mo. 415, the defendant was still the head of a family, notwithstanding the fact that he failed to support his wife who lived apart from him, and who was the only other member.   But *Brown v. Brown*, and the subsequent case of *Blandy v. Asher*, 72 Mo. 27, were decisions construing the meaning of the term in the homestead act, and that construction of the term was adopted, which gave effect to the manifest purpose of the law in favor of the wife in one case, and in favor of the children in the other.   Here the construction is invoked for the purpose of defeating the object of the exemption.   As was aptly held in *Linton v. Crosby*, 56 Iowa, 386, the term, "head of a family," does not necessarily mean the same thing under all circumstances and in all connections.   In *Leake v. King*, 85 Mo. 413, Judge SHERWOOD points out the difference between the meaning of the same term in the homestead and execution act, resulting from a difference in the manner of employing the terms, and so does Judge THOMPSON in *Murdock v. Dalby*, 13 Mo. App. 41.   In *Beckmann v. Meyer*, 75 Mo. 333, it is held that a homestead once acquired by the head of a family will not be defeated by the death or absence of the wife or children, if the husband or father continues to occupy it, while, in regard to personal exemptions, that view could

not possibly be asserted. In *Murdock v. Dalby, supra*, it was distinctly ruled that one, although a housekeeper and as such entitled to a homestead claim, was not entitled to personal exemptions under the execution act.

It may be said that this court held in *State v. Finn*, 8 Mo. App. 261, that, to constitute a family, the members need not reside in one house, and that the man who has a wife dependent on him for support is the head of a family, though they do not reside under the same roof. If this proposition were invoked by the garnishees on an execution in favor of a stranger, there would be force in it, since, the defendant being compelled by a decree of this court to support his wife, his wages, which are necessary for such support, cannot be taken in execution. But how can such a view possibly be sustained when the execution is for the purpose of supporting the wife and thus carrying out the objects of the exemption?

The respondent contends that the argument of the appellant is not admissible under the pleadings. The garnishees' answer denied all indebtedness, and, until overthrown by evidence, must be taken to be true, whether it is a simple denial or an affirmation of new matter. *Holton v. Railroad*, 50 Mo. 151. The garnishees' answer and reply set up the contract between the defendant and the garnishees, by which the defendant's wages were to be paid by them in advance, and further states that they were so paid. It is the good faith of the contract, which the plaintiffs sought to challenge in this proceeding. The court treated the pleadings as sufficient to raise the issue of good faith, and, after finding that the evidence was sufficient to establish that the contract was made with a view of withdrawing the defendant's wages from levy upon the plaintiff's execution, and, hence, in fraud of the plaintiff, it further decided that the wages were exempt. It is settled in this state that the plaintiff in an execution may occupy a position superior to the execution

defendant, and may, in cases of fraud, assert rights against a garnishee which the execution defendant himself could not assert. Were the rule otherwise, credits assigned in fraud of creditors could never be reached by the creditors. That, we conceive, is not disputed by the respondent, but it is claimed that the denial and reply, which make up the issue in these proceedings under the statute, do not raise the issue of good faith in the contract.

In answer to this argument of the garnishees, it may be said that, under the pleadings and evidence, it is at least questionable whether the plaintiff has not made out a case independent of fraud in the contract. If the contract between the parties was such that there was money actually *due and owing* from the garnishees to the defendant at any time, that is to say, that the contract to pay wages in advance was based upon a sufficient consideration and enforceable, then it would seem that our statute was sufficient to arrest the moneys paid by the garnishees, as moneys "owing by him between the time of the garnishment and the time of his filing the answer." This view was not considered in *Reinhart v. Empire Soap Co.*, 33 Mo. App. 24, as its consideration was not essential to a disposition of the case. We construed the answer in that case as simply stating an advance of the garnishees' wages from week to week, and hence held, *arguendo*, that there was no time between the date of the service of the summons and the date of filing the answer, when the defendant himself could have maintained an action against the garnishees. Next, it is by no means clear on the authorities, that fraud in this action must be specially pleaded. In *Young v. Glascock*, 79 Mo. 574, 577, and in *Stern Auction Co. v. Mason*, 16 Mo. App. 473, it was held that proof of fraud in the acquisition of plaintiff's title is admissible under the general issue in action of replevin. In *Cummiskey v. Williams*, 20 Mo. App. 606, it is held that the illegality of a

contract should be specially pleaded. In *Higgins v. Cartwright*, 25 Mo. App. 609, it was held that, under a general denial of an assignment of a note, evidence of a fraudulent and colorable assignment is admissible. The better rule unquestionably is that fraud should be specially pleaded, and we do not desire to extend the doctrine, that it need not be, beyond the limits within which we are bound to follow the decisions of the supreme court. In this case, however, the examination of the garnishees was conducted by both plaintiff's counsel and his own, on the supposition that the good faith of the agreement was put in issue by the denial; hence, the garnishees are not in a position now to assert that it was not, nor are we called upon now to decide whether evidence touching the good or bad faith of the agreement would have been admissible under the pleadings, if properly objected to. As the cause will have to be retried, the plaintiff should have leave, if so advised, to amend her denial by putting in issue more directly the good faith of the agreement between the defendant and the garnishees.

Judgment reversed and cause remanded. All the judges concur.