## WILLIAM WALTON, Appellant, v. ARTHUR S. CATRON et al., Respondents.

### Kansas City Court of Appeals, June 3, 1907.

1. **APPELLATE PRACTICE: Reversal: Motions.** The appellate court can reverse if there is material error apparent upon the face of the record, although no motion in arrest or review was made in the trial court.

2. **JUDGMENTS: Insolvency: Set-off.** Where two parties have judgments against one another and one is insolvent, the right of set-off exists and is governed by rules applicable to equity proceedings.

3. **———: ———: ———: Assignment.** But where the judgment against the insolvent is bona fide assigned before the judgment of the other party is rendered the right of set-off does not exist.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Robert M. Reynolds* for appellant.

(1) For material error apparent on the face of the record, the appellate court will reverse a cause, although no motion for a new trial, in arrest or for review

is made in the court below.   McIntire v. McIntire, 80
Mo. 470; In re Garrison v. Trust Co., 77 Mo. App. 337;
Land Co. v. Bretz, 125 Mo. App. 418; State ex rel. v.
Scott, 104 Mo. 26; Distilling Co. v. Hubbard, 53 Mo. App.
23.   (2) The record proper, by law, is the petition, sum-
mons, and all subsequent pleadings, including the ver-
dict and judgment.   Batson v. Clark, 37 Mo. 31; Land
Co. v. Bretz, 125 Mo. 425.   (3)   The court having ren-
dered judgment for the appellant upon the first two
counts of his petition, establishing a money judgment
against defendant Catron in appellant's favor, estab-
lished appellant's right, also, when the pleadings are
considered to a judgment in his favor upon the third
count of his petition, permitting appellant to set off the
same against defendant Catron's judgment, in equity,
and the court's failure to grant said judgment and the
relief which set-off would have afforded, is respectfully
assigned as error patent upon the face of the record
proper.   (4)   A court of equity will interfere and de-
cree a set off when the same cannot be had at law, upon
a showing by the party seeking its aid of some equitable
ground for protection.   Barnes v. McMullins, 78 Mo.
272; Railroad v. Browning, 103 Mo. App. 164.   (5)   In-
solvency or non-residence of the debtor is generally ac-
cepted as a sufficient ground for equitable relief of some
kind.   Field v. Oliver, 48 Mo. 200; Fulkerson v. Daven-
port, 70 Mo. 541; Barnes v. M'cMullins, 78 Mo. 271;
Rappy v. Rappy, 46 Mo. 573; Railroad v. Browning, 103
Mo. App. 164.

*Robert B. Ruff* and *William G. Lynch* for respond-
ents.

(1)   The authorities cited upon a careful reading
are found to have absolutely no application to the case
at bar.   (2)   The trial court found that plaintiff was
entitled to judgment on the old notes, but such finding
was not conclusive as to plaintiff's right of set-off

against respondent Heisler, the innocent holder of the assigned judgment in good faith and for a valuable consideration. Waterman on Set-off (2 Ed.), secs. 368, 369, 398; Porter v. Liscom, 22 Calif. 430, 83 Am. Dec. 76; Graves v. Woodbury, 4 Hill (N. Y.) 559; Isett & Brewster v. Lucas, 17 Iowa 503, 85 Am. Dec. 575; Thompson v. Hurley, 19 Iowa 335; Walcott v. Sullivan, 1 Ed. Ch. 399; Railroad v. Bowring, 103 Mo. App. 166; Black on Judgments, sec. 954.

BROADDUS, P. J.—The plaintiff's petition contains three counts. The first alleges in substance that plaintiff was the surety for defendant Catron on a promissory note payable to the Bank of Moberly, Moberly, Missouri, in the sum of two thousand dollars, which defendant when it became due failed to pay, and which plaintiff was compelled to pay; and that defendant has failed and refused to repay the same to plaintiff and for which he asks judgment.

The second count is to recover the sum of one thousand dollars, which defendant owed said bank on a promissory note, on which plaintiff was surety, which defendant failed to pay when due and which plaintiff was compelled to pay, and which defendant has failed and refused to repay to plaintiff and for which he asks judgment.

The third count contains substantially the following allegations. At the January term of the circuit court of Saline county, the defendant Catron obtained judgment against plaintiff, G. R. Reynolds and J. S. Robson upon an appeal bond executed by Robson as principal and Reynolds and plaintiff as sureties, in a cause then pending in said court, wherein Catron was plaintiff and Robson defendant and appellant, for the return of certain specific property, or in lieu thereof for the plaintiff of the assessed value of the property in the sum of two hundred and forty-five dollars

and the damages in the sum of five dollars and for costs; that said Robson has become a nonresident and has removed or disposed of said property without plaintiff's consent or knowledge and that the same is not within the jurisdiction of the court. That at the time of the rendition of said judgment defendant Catron was about to remove out of the State with the intention of changing his domicil, and that he is now about to remove out of the State for that purpose, and at all times he was wholly insolvent. That on January 27, 1906, said Catron fraudulently assigned said judgment to defendant Heisler for the purpose of preventing plaintiff from setting off against the same any indebtedness due from him to plaintiff, or any judgment that plaintiff might thereafter obtain against him; and that defendant with full knowledge of plaintiff's equities and rights aforesaid fraudulently accepted and received said assignment for the purpose of aiding and assisting his codefendant in collecting his judgment and avoiding the payment of his indebtedness to plaintiff. Then follows an allegation that defendants have caused an execution to be issued upon said judgment and threaten to cause the same to be levied upon plaintiff's property to satisfy the same. The prayer of plaintiff is that assignment of said judgment be set aside and that it be applied as a set-off against any judgment that plaintiff may obtain therein, and that the execution and levy of the execution be restrained until the cause is heard on its merits, etc.

Defendant's answer admits the rendition of said judgment in his favor against plaintiff; admits that he assigned the same to his codefendant, but denies all the other allegations of plaintiff's petition. Further answering, he says; that he is a resident of the county of Saline and State, and denies ever having intended to change his domicil as a citizen of the State; that he is the head of a family and as such is entitled to his ex-

emptions under Section 3159, Revised Statutes 1899; that he is not the owner of the property mentioned in said section and in lieu thereof is entitled to other property to the value of three hundred dollars; that he was at all times mentioned in plaintiff's petition, and still is, insolvent; and that the assignment to his codefendant was genuine and in good faith for a valuable consideration paid by his said codefendant. The defendant Heisler in his answer admits the assignment to him of said judgment, but denies all other allegations of the petition.

The cause was submitted to the court which rendered judgment for the plaintiff on the first two counts of the petition, and found for the defendants on the third count thereof. The plaintiff appealed. He contends that on the face of the record proper he was entitled to the relief sought in the said third count.

In passing upon the question raised we must, in the absence of any showing to the contrary, assume that all the facts put in issue by the pleadings were determined in defendant's favor. The facts admitted are: first, that the defendant was indebted to plaintiff in the sum of two thousand dollars, as stated in the first count, and one thousand dollars and interest as stated in the second count of the petition; that defendant Catron had a judgment against plaintiff as stated in the third count and that the same had been, prior to the institution of this suit, assigned to defendant Heisler, in good faith for a valuable consideration.

There is no doubt but that this court can reverse the cause if there is to be found any material error apparent upon the face of the record, although no motion in arrest or review was made in the trial court. [McIntire v. McIntire, 80 Mo. 470; Land Co. v. Bretz, 125 Mo. 418.]

The plaintiff's position is, "The court having rendered judgment for appellant upon the first two counts

of his petition establishing a money judgment against
defendant Catron in appellant's favor, established
appellant's right also, when the pleadings are
considered, to a judgment in his favor upon the
third count of his petition, permitting appellant
to set-off the same against defendant Catron's
judgment in equity; and the court's failure to grant
said judgment and relief which such set-off would have
afforded is assigned . . . as error patent upon the
face of the record." It is true that when two parties
have judgments against each other and one is insolvent
the right of set-off exists and is governed by the rules
applicable to equity proceedings. [Railroad v. Bow-
ring, 103 Mo. App. 158, and cases cited.] As between
the plaintiff and the defendant Catron, the latter being
insolvent, a court of equity would set off the judgment
of the plaintiff against the latter. [Railroad v. Bow-
ring, supra; Fulkerson v. Davenport, 70 Mo. 543.]

But there is another element in this case which
takes it out of the rule thus announced. The judg-
ment of the defendant Catron had been assigned to his
codefendant Heisler in good faith for a valuable con-
sideration prior to the rendition of plaintiff's judgment
on the first two counts of his petition, and without, so
far as the record shows, any knowledge of Heisler as to
Catron's indebtedness to plaintiff. There being no judg-
ment in favor of the plaintiff at the time of the assign-
ment of the Catron judgment to Heisler, he took it free
from any equities plaintiff may have had. The title
passed by the assignment, for it was nothing more or
less than a sale, like the transfer of any other property,
and Heisler's title was good against all the world. As
against the judgment in the hands of Heisler plaintiff
had no claim at the commencement of this suit.

It is true, that in Railroad v. Bowring the judgment
had been assigned to Bowring's attorneys, Hollis &
Houts, but it was shown that they had knowledge of the

plaintiff's judgment against Bowring when they took the assignment of the judgment of the latter against the former, and that they had knowledge of Bowring's insolvency also. It was held that in this State such an assignment gives an attorney no lien on a judgment for his fee. And it was held in Skinker v. Smith, 48 Mo. App. 91: "Where prior to an assignment of a judgment the right exists to have another judgment set off against such assigned judgment, the assignee takes subject to such right of set-off; especially is this the case, where the assignee, as in this case, has notice of such right of set-off; nor will the fact that such assignment was made to secure an attorney's fee antecedently earned defeat the right of set-off." But the cases referred to, as we have seen, are wholly unlike this in principle. And besides at the time defendant Heisler received the assignment of said judgment the plaintiff's demand was not a subject of set-off, it being an unliquidated demand. [Estate Co. v. Arms Co., 110 Mo. App. 406.] All the equities in the case are with the defendant Heisler. As to the defendant Catron the equities were with plaintiff, but, as the latter had no longer any interest in the judgment, there was no subject-matter to be affected by any decree the court could render.

For the reasons given, the cause is affirmed. All concur.