LELA RICHARDSON, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, May 27, 1912.

1. CARRIER: Passenger: Negligence: Degree of Care. It is not error to refuse an instruction that a carrier of passengers is only required to exercise "all care that was reasonably practicable." It is the duty of such carrier's servants to exercise the utmost care and skill which prudent men use in like business, in similar circumstances.

2. ———: ———: ———: Instruction: Evidence. It is improper that an instruction should single out specific parts of the testimony and direct special attention to them.

3. ———: ———: Physician: Statement of Pain. A physician may state complaints made to him by the patient,in the course of his examination as to present pain.

4. ———: ———: ———: Instructions: Non-Direction. Non-direction, in the way of instructions, in a civil case, is not error.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*John H. Lucas* and *L. T. Dryden* for appellant.

*I. B. Kimbrell* for respondent.

ELLISON, J.—Plaintiff was a passenger on one of defendant's street cars in Kansas City when the car in which she was riding collided with another of defendant's cars at the intersection of Twelfth street and Brooklyn avenue, by reason of which she was greatly injured. On the same evening, and after the collision, she was injured in the vestibule of another car which she had boarded, by a large iron tool called a "jack" falling upon her leg. She brought an action in two counts and recovered judgment on each in the trial court.

Defendant first complains of the refusal of two instructions wherein defendant's duty in the matter of negligence was stated to be "care that was reasonably practicable," and that if "all care that was reasonably practicable had been used, then there was no negligence." Such instructions were given for the defendant in Logan v. Met. St. Ry. Co., 183 Mo. 582, but no question was made of them and no discussion had and the judgment was affirmed. They are merely set out, with others, in the opinion, in stating the history of the action of the trial court, and are not referred to in approval or otherwise. The duty required to

be performed by a carrier of passengers is to exercise the utmost care, diligence and foresight which capable railroad men would use in similar circumstances. [Kirkpatrick v. Met. St. Ry. Co., 211 Mo. 68, 87.] Or, as expressed by the Supreme Court on another occasion, "the utmost care and skill which prudent men use and exercise in a like business and under similar circumstances." [Devoy v. St. Louis, Transit Co., 192 Mo. 197, 209.] It was, therefore, not error in the trial court to reject the phraseology of the instructions asked in this case. There is no need to experiment with words of doubtful meaning, or which may likely be applied so as to result in wrong conclusions.

It is said that there is nothing in the instructions which required the jury to consider certain specified evidence in its behalf. There are two reasons why this objection should be considered unsound. One, that it would be improper to single out specific evidence; and the other, that if that practice were proper, none were asked by defendant.

Nor do we see any objection to the examination of Dr. Krueger. He was not asked nor did he tell of statements made to him by plaintiff of pain suffered at some time in the past. His statements were confined to her complaints uttered during his examination of her, and were within the rule stated by the Springfield Court of Appeals, through Judge Cox, in Brady v. Traction Co., 140 Mo. App. 421.

Some difficulty appeared in framing a satisfactory hypothetical question to a physician as an expert. Objections were made to different forms until finally he was asked if the injury set forth in the question might have produced plaintiff's nervous condition, and he answered in the affirmative. To the questions as finally asked, no objection was made, and we cannot see that it is improper.

We can see no objection to a showing of plaintiff's

condition and the effect produced upon her in an attempt to walk on the street in the heat. We think it sufficiently recent from the injury and sufficiently connected, to have a tendency to show her condition as affected by the injury.

We think defendant's demurrer to the evidence on the second count was properly overruled.

Nor do we see that error was committed in admitting the deposition of plaintiff, who was in court. It had been first introduced by defendant and certain parts read. Then plaintiff undertook to read therefrom. Defendant's counsel objected generally, which was not the proper practice. He did, however, afterwards make specific objections with reasons and these were nearly all sustained. There were, however, some questions as to her condition which were permitted to be read. We think is was not error; and besides was not of sufficient substance to have affected the merits of the case, in view of other testimony.

As to instructions on measure of damages, if defendant wanted anything more than was given, it should have asked it. Mere non-direction on part of plaintiff is not error.

In our opinion the only matter of serious consideration in the case relates to the charge that the verdict is excessive. It was $8000 on one count and $300 on the other. There is no question as to the latter amount. The first looks large; but we find it has received special consideration from the trial court. The matter was gone over in that court with the result that a remittitur of $1300 was required, leaving the judgment for the sum of $6700, plus $300 on the other count, a total of $7000; and we have concluded, on account of the serious injury and the distressing condition in which plaintiff has been put, that we are not justified in requiring any further reduction.

The judgment is affirmed. All concur.