# J. W. FORD, Respondent, v. STEVENS MOTOR CAR COMPANY, and SOUTHERN COMMERCIAL AND SAVINGS BANK, a Corporation, Intervenor, Appellants.

St. Louis Court of Appeals.    Opinion Filed June 7, 1921.

1. **SET-OFFS AND COUNTERCLAIMS: Judgment Assigned: Adverse Claim Against Assignor Not Reduced to Judgment: No Right to Legal Set-Off.** Where a judgment against the plaintiff was assigned before his claim against the assignor had been reduced to judgment, no legal right to set-off existed at the time the assignment was made.

2. **————: ————: ————: Equitable Set-Off: Discretionary Powers: Will be Exercised to Promote Justice.** The power of equitable set-off will be exercised in all cases to promote substantial justice and rests largely in the sound discretion if the court.

3. **————: ————: ————: ————: Knowledge of Assignee: Adverse Claim Afterwards Reduced to Judgment: Right to Equitable Set-Off.** Where, on the day plaintiff's action against defendant went to trial, defendant therein assigned a judgment which it had previously recovered against plaintiff to a bank, and the bank took such assignment with full knowledge at the time that plaintiff had a legal claim against the defendant for a large sum, and also of the insolvency of defendant, these facts afforded sufficient ground to warrant the lower court in holding that an equitable right of set-off existed against the judgment and was not affected by the assignment.

4. **EVIDENCE: Judicial Notice: Record of Appellate Court: Affirming Judgment.** Where, after the rendition of a judgment in his favor, plaintiff moved to have such judgment set off against a judgment in favor of defendant against him, and the trial court, notwithstanding the pendency of an appeal, granted the motion, the appellate court will take judicial notice of its record affirming the judgment of the lower court.

5. **TRIAL PRACTICE: Depositions: Error in Admitting Cured by Placing the Witness on the Stand.** Where the trial court admitted in evidence the depositions of witnesses present in the court room, and after the reading of the depositions such witnesses were placed upon the stand by opposing counsel, the error, if any, was cured thereby.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Samuel Rosenfeld*, Judge.

AFFIRMED.

*M. W. Feuerbacher* for the Southern Commercial & Savings Bank.

*Leonard, Sibley & McRoberts,* for the Stevens Motor Car Co., appellants.

(1)  (a). The judgment which J. W. Ford attempts to off-set is not a final judgment within the purview of the statute. Sec. 1300, R. S. 1919; 23 Cyc., 1480; Black on Judgments, par. 1005; 15 R. C. L. 822; Zerbe v. M., K. & T. Ry. Co., 80 Mo. App. 417; Gemmell v. Heuben, 71 Mo. App. 298; Prouty v. Swift, 10 Hun, 232; Weathered v. Mays, 1 Tex. 417.  (b)  The right of offset of judgments is exclusively determined by sec. 1300, R. S. 1919.  Caldwell v. Ryan, 210 Mo. 37; Bauer v. Counts, 197 Mo. App. 233.  (2)  It was error to admit in evidence depositions of witnesses who were present in the courtroom. Sec. 5467, R. S. 1919; Heinbach v. Heinbach, 262 Mo. 69.  (3)  The appellant Stevens Motor Car Company had a right to prefer its bona-fide creditor, Southern Commercial and Savings Bank. Riley Publicity Co. v. Ryus et al., 202 S. W. 582; New England National Bank v. Montgomery, 192 S. W. 941; Growney v. Lowe et al., 234 Mo. 689; First National Bank v. Fry, 216 Mo. 34; Wall v. Beedy, 161 Mo. 625; Gutta-Percha Mfg. Co. v. Supply Co., 149 Mo. 551; Shelly v. Booth, 73 Mo. 74; Zimmerman v. Produce Co., 156 Mo. App. 596; Russell v. Letton, 56 Mo. App. 548.  (4)  (a) The respondent did not have the right to off-set the judgment in favor of Stevens Motor Car Company, formerly the Waverly Sales Company, because the said judgment against Ford and in favor of the Stevens Motor Car Company was assigned to the Bank prior to the existence of the judg-

ment recovered by the respondent against the Stevens Motor Car Company and the Priesmeyer-Stevens Automobile Company, the Bank being a bona-fide creditor of the Stevens Motor Car Company at the time the assignment was made. Walton v. Catron, 125 Mo. App. 501; Anglo-American Provision Co. v. Davis, 112 Fed. 574; Beecher et al. v. Manufacturing Co., 125 N. E. (Ct. of App. of N. Y.) 831; Roberts v. Carter et al., 38 N. Y. 107; Jaeger v. Koeing, 67 N. Y. Supp 172; Ledyard v. Phillips, 58 Mich. 204.; Wyvell v. Barwise et al., 43 Minn. 171; New Haven Copper Co. v. Brown, 46 Me. 418.    (b) The Bank was a bona-fide creditor of the Stevens Motor Car Company and is the holder of the judgment for value. Lowen v. Forsee, 137 Mo. 43. 1. c.    (5)    The court erred in refusing to give the declarations of law requested by defendants at the close of the case.    (6)    Before the movent can ask a court of equity to offset the judgments, he must show that he made an effort to obtain the payment of the judgment from the co-defendant, Priesmeyer-Stevens Automobile Company, and as there was no evidence in this case showing that such an effort had ever been made or that the Priesmeyer-Stevens Automobile Company was not, and is not now, able to pay the judgment, the movent cannot invoke equitable doctrine to his aid.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1)    The judgment in this case, J. W. Ford v. Stevens Motor Car Company, was a final judgment within the meaning of the law, though appealed from, and this is especially true since no appeal bond was given.  Rodney v. Gibbs, 184 Mo. 1; Creasey v. Creasey, 175 Mo. App. 245; 15 R. C. L., 233. p. 779; Black on Judgments, sec. 960, p. 1141.    (2)    This is a proceeding for execution and set-off in the case of J. W. Ford v. Stevens Motor Car Company.   It is a supplementary or ancillary proceeding in the same case, and inseparably connected

with the record in the said case, and the court will take judicial notice of its record affirming the judgment. 15 R. C. L., p. 1112, sec. 43; Avocato v. Dell 'Ara, 84 S. W. 444; Schultz v. Smith, 7 Ky. Law Rep. 837; Reed v. Reed, 108 Atl. 103; Brokl v. Brokl, 158 N. W. 436; Studebaker v. Mercantile Co., 192 S. W. 545; Schallman v. Haas, 164 Pac. 336; Abilene etc., Telephone Co. v. Telephone Co., 185 S. W. 356; Wilmer v. Coal & Iron Co., 101 Atl. 538; Cahall v. Lofland, 108 Atl. 752; Olson Co. v. Brady, 78 N. W. 864; 1 Greenleaf on Ev. (16th Ed.), sec. 6a. The principles thus announced are recognized by the courts of this state in numerous cases. Chicago Herald Co. v. Bryan, 195 Mo. 590; Ollesheimer v. Mfg. Co., 44 Mo. App. 172; Spengler v. Kaufman, 43 Mo. App. 5; Pelz v. Bollinger, 180 Mo. 262; Dawson v. Dawson, 29 Mo. App. 523. The rule here invoked does not violate the general rule that a court will not take judicial notice of its record in other cases. It is an exception to the general rule, based upon justice and reason. Sewell v. Johnson, 134 Pac. 704; Ann. Cas. 1915-B, 645, and case note; Case Note, 11 L. R. A. (n. s.) 616; 16 Cyc, 918. (3) The intervenor, Southern Commercial and Savings Bank, had full notice of the pendency of Ford's suit against the Stevens Motor Car Company, and took the assignment of the company's judgment against Ford subject to the equities of Ford to set-off his claim against the company's judgment. 15 R. C. L., p. 779, sec. 233; Crecelius v. Bierman, 72 Mo. App. 355; Bobb v. Taylor, 56 Mo. 313; Skinker v Smith, 48 Mo. App. 91; Ellis v. Kerr, 32 S. W. 444; Hopper v. Ersler, 38 N. Y. Supp. 176. (4) The proof shows that the Stevens Motor Car Company, both at the time of the assignment and at the time of the filing of this motion, was insolvent, and that the bank knew of such insolvency. Furthermore, the circumstances under which the alleged assignment was made clearly indicate the fraudulent intent to defeat the plaintiff's set-off. Under such circumstances the authorities amply sustain the trial court's action in allowing the

set-off in this case. Wabash Ry. Co. v. Bowering, 103 Mo. App. 159; Barnes v. McMullens, 78 Mo. 260; Skinker v. Smith, 48 Mo. App. 91; Field v. Oliver, 43 Mo. 202; Wells v. Cochran, 35 L. R. A. (N. S.) 142, and case note. The evidence was sufficient to sustain a finding, if that were necessary, that the bank acted in bad faith in taking the alleged assignment. Fraud may be proved by circumstances.   State to Use v. Mason, 112 Mo. 374; Klauber v. Schloss, 198 Mo. 502; 15 R. C. L., p. 779, sec. 233. (5) But the proof shows that the alleged assignment was not a sale of the judgment, but the assignment was made to and held by the bank as collateral security to secure a pre-existing debt.   In such circumstances the bank is not an innocent purchaser in any sense. Crecelius v. Bierman, 72 Mo. App. 355; Loewen v. Forsee, 137 Mo. 42; Johnson v. Grayson, 230 Mo. 401; 15 R. C. L., p. 779, sec. 233.   (6)  If there was any error in offering the depositions of the officers of the defendants as an admission in plaintiff's case in chief, the error was cured by the defendants' placing the same witnesses upon the stand who testified to the same facts. Briscoe v. Hoff, 75 Mo. App. 288; Hunter v. Heesley, 98 Mo. App. 616; Rounsavell v. Pease et al., 45 Wis. 506; Easterly v. Eppelsheimer, 73 Iowa, 260; Hartsfield v. State, 29 S. W. 777; Johnson v. Railroad Co., 58 Iowa, 348; Martineau v. May, 43 Wis. 59; Rabinowitz v. Silverman, 223 Pa. 139.   (7)   There is no merit in the point that the record does not show that the Priesmeyer-Stevens Motor Company was insolvent.   It is enough to show a right of recovery against the defendants in this motion.   Crecelius v. Bierman, 72 Mo. App. 362.   (8)   The defendants have shown no prejudical error justifying a reversal of the judgment.   R. S. 1919, sec. 1513; Peterson v. Transit Co., 199 Mo. 331.   The judgment against Stevens Motor Car Company having been affirmed by this court, and the court having judicial knowledge of that fact, a retrial would necessarily result in a set-off of the one judgment against the other.   State ex rel. v. Harrison, 173 Mo. 19; Kansas City v. O'Shea, 69 Mo. 51.

Ford v. Stevens Motor Car. Co.

NIPPER, C.—This is an appeal from an order sustaining respondent's motion to set off a judgment in favor of respondent against appellants.

On July 17, 1914, the Stevens Motor Car Company obtained a judgment against respondent for the sum of $1852.98. On March 8, 1917, respondent recovered judgment against the Stevens Motor Car Company for the sum of $4276.65. On November 21, 1917, respondent filed an amended motion to set off the last-mentioned judgment against the judgment in favor of the Stevens Motor Car Company.

The motion of respondent sets up the facts related above, and alleges that on March 6, 1917, the Waverly Sales Company, which became the Stevens Motor Car Company, pretended to assign the judgment against Ford to the Southern Commercial and Savings Bank, one of the appellants herein, but avers that said assignment was without consideration, and fraudulently made for the purpose of defrauding the said Ford, and further alleging that the Southern Commercial and Savings Bank (hereafter referred to as the Bank) knew at the time of taking the alleged assignment that respondent had filed suit against the Stevens Motor Car Company. Respondent asks that his judgment be set off, and credited with the amount of the judgment held by the Stevens Motor Car Company, and that execution issue for the balance due.

The Stevens Motor Car Company and the Bank filed answers to respondent's motion, putting in issue the validity of the assignment to the Bank, and alleging that the judgment of respondent against the motor car company had been appealed from, and that said cause was still pending and undetermined in this court and was not a final judgment.

Plaintiff offered in evidence, as an admission, the deposition of one, Kammerer, cashier of the Bank, whose evidence, as shown by said deposition, was that the Stevens Motor Car Company had been indebted to the Bank

for several years, and that at the time of the assignment it owed the Bank $3600. On the same day the assignment was made, the indebtedness was reduced to $2150. The $3600 indebtedness was evidenced by one note, which had been renewed eight or nine months prior to the date of the assignment; that Mr. Stevens had always told them at the Bank that when the judgment against Ford was paid he would use the proceeds of the payment to liquidate the debt of his company; that the assignment of the judgment was delivered to him at the Bank by Mr. Stevens; that Mr. Stevens may have told him of the suit instituted by Mr. Ford against the Stevens Motor Car Company the day before the delivery of the assignment, but that he had not mentioned the matter on any prior occasion. He said that Stevens came to the Bank and told him he could give the Bank this assignment, and he informed Stevens that "we want the assignment if that's the best you can do," and at that time he was told that Ford had a case against the Stevens Motor Car Company.

It appears that this judgment was assigned to the Bank on March 5, 1917, and the assignment was made a matter of record on the next day. It appears from the testimony of the cashier of the Bank, and of Frank E. Stevens who was connected with the Stevens Motor Car Company, that the Bank had been pressing Stevens for this money, and agreed with him that if he would make a payment of $1500 and assign this judgment to the Bank as collateral, then he would be granted an extension of time for the payment of the remainder amounting to $2150.

It appears from the evidence of Frank E. Stevens, that the Stevens Motor Car Company ceased to be a going concern about April 1, 1917. He states that at the time of the assignment he talked to Mr. Kammerer's attorney about the matter more than he did to Mr. Kammerer, and that at the time the judgment was assigned and the balance on the note renewed, the company was unable to pay the indebtedness in full.

Respondent introduced the original files in the case of Ford v. Stevens Motor Car Company, and also the files in the case of the company v. Ford. Both Kammerer and Stevens testified on behalf of the appellants. On cross-examination, Kammerer, cashier of the appellant bank, stated that at the time of the assignment he knew that the Stevens Motor Car Company was being sued by Ford for about $5000; that he knew that fact the day before the assignment was given, and that he also knew that if the judgment for $5000 was secured against the Stevens Motor Car Company, it would not be able to pay its creditors in full, and that the assignment of the judgment was wanted so that the bank would come in first.

Such other evidence as may be necessary will be referred to in the course of the opinion.

The assignment of error made by appellants and upon which they seek a reversal of this judgment are: (1) That as Ford's judgment against the Stevens Motor Car Company was pending in this court on appeal at the time the set-off judgment was rendered, the judgment attempted to be set off was not a final judgment, and therefore no right to set-off existed; (2) the appellant motor car company had a right to prefer its bona-fide creditors; (3) that no right to set-off existed because Ford's judgment against the Stevens Motor Car Company was not in existence at the time the Stevens Motor Car Company's judgment against Ford was assigned to the Bank; (4) error in the admission of depositions.

We will discuss the third assignment first, that is, could respondent invoke the right to equitable set-off when the judgment against him had been assigned to the Bank before his claim against the Stevens Motor Car Company had been reduced to a judgment? No legal right to set-off existed at the time the assignment was made to the Bank, and ordinarily this would defeat respondent's right to set-off. [Walton v. Catron, 125 Mo. App. 501, 102 S. W. 1058; Field v. Oliver, 43 Mo. 200.]

· But in this case respondent invoked the aid of a court of equity, on account of certain equities which respondent had against this judgment at the time it was assigned to the Bank, and accepted by the Bank, with full knowledge on its part of his right to an equitable set-off.

In Gay v. Gay, 10 Paige, Ch. 369, the chancellor said: ". . . the right to set-off does not always depend upon the statute, nor upon the question of whether both demands are liquidated by judgment or decree. But if an equitable right of set-off exists, while the parties have mutual demands against each other, because the debt due to the party claiming the set-off is so situated that it is impossible for him to obtain satisfaction of such debt by an ordinary suit at law, or in equity, to recover the same, this court, upon a bill filed, will compel an equitable set-off of one debt against the other. And the insolvency of the party against whom the set-off is claimed is a sufficient ground for the exercise of the jurisdiction of a court of chancery, in allowing a set-off in cases not provided for by the statute, *although the demands on both sides are not liquidated by judgment.*".

In Ward v. Whittaker, 6 Mich. 133, it was said: "No rule is better settled than that the assignee of a chose in action takes it subject to all equities existing between the debtor and creditor."

There are cases in which the set-off against one judgment is allowed, where, in anticipation of an application to make the set-off, the assignment was made for the purpose of defeating the right. [Duncan v. Bloomstock, 2 McCord 318.]

The power of equitable set-off will be exercised in all cases to promote substantial justice, and rests largely in the sound discretion of the court. [Brown v. Hendrickson, 39 N. J. Law 239.]

The question of the right of equitable set-off by a motion, is very ably discussed in Coonan v. Lowenthal, 147 Cal. 218. It was there said:

"The insolvency of a debtor is one of the principal grounds upon which the intervention of a court of equity to grant an equitable set-off rests, and when such insolvency exists a court of equity will allow the set-off notwithstanding the assignment, when a court of law would not, and in cases where, though the right to set-off had not actually accrued at the time of the assignment, yet a liability then existed under which a right of set-off against an insolvent debtor subsequently accrues."

The Bank took this assignment of the Ford judgment with full knowledge that Ford had a legal claim against the Stevens Motor Car Company for something like $5000. The liability of the Stevens Motor Car Company to Ford was an existing one at the time the assignment was made. The transaction between the Stevens Motor Car Company and the Bank was consummated and finally made a matter of record on the very day the case of Ford v. Stevens Motor Car Company went to trial. The fact that the Stevens Motor Car Company was insolvent when Ford's judgment against it was obtained, and also at the time it was assigned, and the Bank having full knowledge of Ford's claim, and of the insolvency of the motor car company, afforded sufficient ground to warrant the lower court in holding that an equitable right of set-off existed against the judgment and was not affected by the assignment. And as was stated in Coonan v. Lowenthal, supra, l. c. 225:

"This equitable right of set-off existing between the parties at the time of the rendition of the judgment in favor of Coonan clung to that judgment, and the assignee took it subject thereto."

Therefore, we rule against appellants' contention with respect to this phase of the case.

We now pass to the next point made by appellants, namely, that the Ford judgment against the Stevens Motor Car Company was pending in this court on appeal at the time the set-off was allowed, and was not a final judgment, the appellants contending that even though

this judgment has since been affirmed by this court, we will not take judicial notice of this fact. However, this motion to set-off was merely a supplementary proceeding in the main case, and not an entirely distinct and independent suit, but was an action with direct reference to the judgment in the main case. Perhaps the correct and better way would have been for the trial court to have continued the motion pending the decision of the case on appeal; but not having done so, and this not being regarded as an entirely independent cause of action, we will take judicial notice of our record affirming the judgment of the lower court, and not do a useless and unnecessary thing by reversing this judgment under such circumstances. [Spengler v. Kaufman & Wilkinson, 43 Mo. App. 5; 15 R. C. L., p. 112, sec. 43.]

The question of the preferment of bona fide creditors is not involved in this case.

Appellants' last and final contention is that the court erred in admitting the deposition of Kammerer and Stevens, as they were both present in the court room. Counsel for respondent offered these depositions as declarations against interest, and the court admitted them as such. After the reading of the depositions by respondent's counsel, both Kammerer and Stevens were placed upon the stand by appellants, and therefore, the error, if any, was cured by appellants placing the witnesses upon the stand. [Richardson v. Railroad, 166 Mo. App. 162, 147 S. W. 1126; Briscoe v. Huff, 75 Mo. App. 288; Rounsavell v. Pease. 45 Wis. 506.]

This disposes of the questions raised by appellants. Upon a full and fair review of all the facts in this case, we think the judgment was for the right party. The Commissioner recommends that it be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker, J.,* concur; *Daues, J.,* not sitting.